# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of SHELBY JEAN JAJUGA.

JOANN CHELENYAK, Personal Representative,

Respondent-Appellant,

v

SUSAN P. VEITH,

Petitioner-Appellee.

FOR PUBLICATION
October 20, 2015
9:05 a.m.

No. 322522
Clare Probate Court
LC No. 13-016382-DE

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

RIORDAN, J.

Respondent, Joann Chelenyak, who is the personal representative of the estate of Shelby Jean Jajuga ("decedent"), appeals as of right a probate court order granting the petition for exempt property filed by petitioner, Susan P. Veith. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

The relevant facts are undisputed in this case. Petitioner is the sole surviving child of decedent, Shelby Jean Jajuga. Decedent drafted her last will and testament on January 16, 2002, under which her estate was to be divided in equal parts between three beneficiaries: (1) Mike and Joanne Chelenysk, who constituted a single, joint beneficiary, (2) Jeanette Mullins, and (3) Sherry Snyder. She further directed that petitioner and her other children, who were still living at the time, were to "inherit nothing from [her] estate." Decedent explained in the will that her decision to disinherit her children was "not because of any lack of love and affection I hold toward them but because they have either received compensation in advance of my death or because I do not believe it would be in their best interest that they inherit." The decedent later filed a codicil to her will, appointing respondent as personal representative and directing that her estate shall be divided equally between two, rather than three, named beneficiaries. The codicil reaffirmed the remainder of the will and did not alter the provision that disinherited petitioner.

Following decedent's death, petitioner filed an objection to the final account "on the basis that the Personal Representative has refused to pay Petitioner the exempt property allowance as required by MCL 700.2404 . . . ." Petitioner asked the court to award the exempt property that

-1-

she had selected from the estate (i.e., (1) a 2000 Buick 4-door valued at $4,500, (2) a John Deere tractor valued at $2,500, and (3) $7,000 in cash) or, in the alternative, $14,000 in cash, plus $1,000 in attorney fees. In response, respondent contended that petitioner was not entitled to exempt property because she was specifically disinherited under the will.

After holding a hearing on petitioner's objection to the final account and requesting supplemental briefing from the parties, the probate court held, as an issue of first impression in Michigan, that petitioner was entitled to the exempt property that she had requested. In light of the statutory language of MCL 700.2404, other provisions of the Estates and Protected Individuals Code ("EPIC"), MCL 700.1101 *et seq.*, and cases from other jurisdictions construing similar language, the court concluded that a testator cannot preclude a child from taking exempt property through a disinheriting provision in a will. The Court found that the meaning of "entitled" under MCL 700.2404 was ambiguous, but concluded, based on the definition of "entitle" in *Black's Law Dictionary* (9th ed), that the Legislature intended to establish a "legal right" to exempt property under MCL 700.2404 for a surviving spouse or the children of a decedent in the absence of a surviving spouse. In support of its conclusion that "entitle" denoted a legal right, the court found that the phrase "in addition to" under MCL 700.2404 means "supplemental" and, therefore, did not establish a condition precedent that a child must be eligible to receive a distribution from the estate in order to claim exempt property.

Furthermore, the court acknowledged respondent's argument that the statute does not expressly "require exempt property to be distributed to an adult child in contradiction to the express language" of the will, but it further noted that the statute does not directly "*prohibit* exempt property from being distributed" in cases where a child had been disinherited, concluding that the Legislature would have included such a provision if it had intended to implement that limitation. The court also recognized that a semantic difference exists between an "allowance" and an "exemption" under the EPIC, but held that the distinction was not dispositive to the court's construction of "entitle," noting that (1) both an allowance and an exemption can constitute a right, (2) Michigan caselaw has traditionally recognized that allowances are rights and personal privileges, and (3) the similarity between MCL 700.2402, MCL 700.2403, and MCL 700.2404 clearly indicated that the Legislature intended for those provisions to operate in a parallel manner. Additionally, the court rejected respondent's argument that interpreting the exempt property provision as a right would conflict with MCL 700.2102(2) and MCL 700.2302(2)(a), or render those provisions inconsequential. The court also held that the public policy underlying the exempt property statute was the protection of spouses and children, and that the statute was a remedial statute that should be liberally construed in favor of those benefitted under the statute. Finally, the court concluded that the rights of surviving children to exempt property are equal to those of a surviving spouse.

## II. STANDARDS OF REVIEW

This Court reviews de novo an issue of statutory interpretation as a question of law. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). However, "appeals from a probate court decision are on the record, not de novo." *Id.*, citing MCL 700.1305; MCL 600.866(1); MCR 5.802(B)(1); *In re Webb H Coe Marital and Residuary Trusts,* 233 Mich App 525, 531; 593 NW2d 190 (1999). We review the probate court's factual findings for clear error

and its dispositional rulings for an abuse of discretion. *Id.* A "court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*.

## III. WHETHER A DECEDENT MAY LIMIT OR MODIFY A SURVIVING CHILD'S CLAIM TO EXEMPT PROPERTY UNDER MCL 700.2404

On appeal, respondent asserts that the probate court erred in granting petitioner's claim of exempt property. The gravamen of respondent's claims is that a decedent may—through a provision that expressly disinherits a child under a will—eliminate an adult child's claim to exempt property under MCL 700.2404 when there is no surviving spouse. On the facts of this case, we disagree and conclude that the disinheriting language in decedent's will did not eliminate petitioner's statutory right to exempt property under MCL 700.2404.

## A. APPLICABLE LAW

This is an issue of first impression under Michigan law, which requires this Court to interpret MCL 700.2404 in the context of the EPIC.[1] We restated the following principles of statutory interpretation in *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541-542; 840 NW2d 743 (2013):

> The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. First, the court examines the most reliable evidence of the Legislature's intent, the language of the statute itself. When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined. Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Generally, when language is included in one section of a statute but omitted from another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion. The courts may not read into the statute a requirement that the Legislature has seen fit to omit. When the Legislature fails to address a concern in the statute with a specific provision, the courts cannot insert a provision simply because it would have been wise of the Legislature to do so to effect the statute's purpose. Statutes that address the same subject matter or share a common purpose are *in pari materia* and must be read collectively as one law, even when there is no reference to one another. . . . [Quotation marks and citations omitted; alteration in original.]

---

[1] The EPIC is modeled on the Uniform Probate Code. *In re Estate of Sprenkle-Hill*, 265 Mich App 254, 259; 703 NW2d 191 (2005).

MCL 700.1201 delineates specific rules of construction that should be applied when interpreting the EPIC:

> This act shall be liberally construed and applied to promote its underlying purposes and policies, which include all of the following:
>
> (a) To simplify and clarify the law concerning the affairs of decedents, missing individuals, protected individuals, minors, and legally incapacitated individuals.
>
> (b) To discover and make effective a decedent's intent in distribution of the decedent's property.
>
> (c) To promote a speedy and efficient system for liquidating a decedent's estate and making distribution to the decedent's successors.
>
> (d) To make the law uniform among the various jurisdictions, both within and outside of this state.

MCL 700.2404 pertains to "exempt property":

> (1) The decedent's surviving spouse is also entitled to household furniture, automobiles, furnishings, appliances, and personal effects from the estate up to a value not to exceed $10,000.00 more than the amount of any security interests to which the property is subject. If there is no surviving spouse, the decedent's children are entitled jointly to the same value.
>
> (2) If encumbered assets are selected and the value in excess of security interests, plus that of other exempt property, is less than $10,000.00, or if there is not $10,000.00 worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the $10,000.00 value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to assets to make up a deficiency of exempt property abates as necessary to permit payment of all of the following in the following order:
>
> (a) Administration costs and expenses.
>
> (b) Reasonable funeral and burial expenses.
>
> (c) Homestead allowance.
>
> (d) Family allowance.
>
> (3) The rights under this section are in addition to a benefit or share passing to the surviving spouse or children by the decedent's will, unless otherwise provided, by intestate succession, or by elective share. The $10,000.00 amount expressed in this section shall be adjusted as provided in section 1210.

As a preliminary matter, we recognize that respondent emphasizes the rule of construction indicating that the primary role of the court is to ascertain the intent of the testator and, if permissible under the law, effectuate that intent: "In will cases the primary rule of construction and the primary function of courts is to ascertain from the four corners of a will the intent of the testator and, if legally possible, that intent must prevail." *Hay v Hay*, 317 Mich 370, 397; 26 NW2d 908 (1947); see also *Foster v Stevens*, 146 Mich 131, 136; 109 NW 265 (1906). In the instant case, however, we are concerned with interpreting and applying a statute, not discerning decedent's testamentary intent. Nevertheless, that rule of construction is consistent with the rule of construction applicable to the EPIC under MCL 700.1201(b), i.e., to liberally construe and apply the act in a way that promotes the discovery and execution of a decedent's intent in the distribution of the decedent's property. There is no dispute that decedent intended that petitioner would inherit nothing from her estate.

However, it is important to recognize that MCL 700.3101 provides:

*An individual's power to leave property by will*, and the rights of creditors, devisees, and heirs to his or her property, *are subject to the restrictions and limitations contained in this act to facilitate the prompt settlement of estates. Upon an individual's death, the decedent's property devolves to the persons to whom the property is devised by the decedent's last will* or to those indicated as substitutes for them in cases involving lapse, disclaimer, or other circumstances affecting devolution of a testate estate, or in the absence of testamentary disposition, to the decedent's heirs or to those indicated as substitutes for them in cases involving disclaimer or other circumstances affecting devolution of an intestate estate, **subject to** homestead allowance, family allowance, *and exempt property*, to rights of creditors, to the surviving spouse's elective share, and to administration. [Emphasis added.]

Accordingly, it is apparent that effectuating a decedent's testamentary intent should not be our sole focus in construing MCL 700.2404, as the EPIC clearly provides that an individual's power to leave property by will is subject to the exempt property provisions under MCL 700.2404.

Thus, we reject respondent's argument that "[i]t is counterproductive to permit the decedent to disinherit an adult child on one hand and then grant the disinherited adult child rights in exempt property greater than the right of the decedent to devise his or her property." Instead, it appears that the limitations under MCL 700.3101 specifically allow for such a situation. Likewise, we do not agree that "the statutory language is silent as to whether or not [an] adult child's 'rights' to exempt property ha[ve] a first priority over the decedent's devise or other intended distribution from the estate." Again, MCL 700.3101 expressly provides that a decedent's devises are *subject to* exempt property, which clearly indicates that a decedent's intended distribution of estate property is limited by the provisions of the exempt property statute. Therefore, given that the language of an act is the most reliable evidence of the Legislature's intent, *Book-Gilbert*, 302 Mich App at 541-542, we reject respondent's claim that there is no statutory support for the court's ruling that exempt property may be distributed to an adult child in contradiction to the express language disinheriting the child under the will. For the same reasons, we reject respondent's public policy claims regarding whether the exempt

property provision under MCL 700.2404 has priority over a decedent's power to devise his or her property in light of the unambiguous language in MCL 700.3101.

Additionally, respondent contends that resolution of this appeal requires the construction of MCL 700.2101 because MCL 700.2101(2) and MCL 700.2404 appear to conflict, and construing MCL 700.2404 in a way that establishes a right to exempt property that cannot be eliminated by express testamentary language would render MCL 700.2101(2) inconsequential or trivial. We disagree and conclude that the language of MCL 700.2101(2) is inapposite to determining the nature of an adult child's entitlement to exempt property under MCL 700.2404.

MCL 700.2101 provides:

> (1) Any part of a decedent's estate not effectively disposed of by will passes by intestate succession to the decedent's heirs as prescribed in this act, except as modified by the decedent's will.

> (2) A decedent by will may expressly exclude or limit the right of an individual or class to succeed to property of the decedent that passes by intestate succession. If that individual or a member of that class survives the decedent, the share of the decedent's intestate estate to which that individual or class would have succeeded passes as if that individual or each member of that class had disclaimed his or her intestate share.

Whereas MCL 700.2101 governs property distributions when the decedent died intestate or did not provide for the distribution of part of the estate in the will, MCL 700.2404 is applicable to both intestate and testate estates. See MCL 700.2404(3). As such, it is implicit in the plain language of MCL 700.2404(3) that a distribution of exempt property does not constitute the passage of property by "intestate succession." Instead, given the clear language that exempt property is *in addition to* property that passes by intestate succession, it is evident that exempt property passes by a means other than intestate succession. This conclusion is further supported by the fact that MCL 700.3101 states that the passage of a decedent's property through intestacy is "*subject to* homestead allowance, family allowance, *and exempt property*, to rights of creditors, to the surviving spouse's elective share, and to administration." (Emphasis added.) In addition, a decedent may limit the right of an individual who would have taken under the laws of intestate succession pursuant to MCL 700.2101 without necessarily affecting the right of a surviving spouse or child to exempt property under MCL 700.2404.

In this case, there is no dispute that decedent died testate and that the will provided that her entire estate was to be divided equally between her designated beneficiaries. Thus, because her entire estate was "effectively disposed of" by her will, MCL 700.2101 is not applicable to this case. See MCL 700.2101(1).[2] Likewise, for the foregoing reasons, we reject respondent's

---

[2] While the Reporter's Comment to MCL 700.2402 cites MCL 700.2101(2) as a provision that "points to the fact that a decedent could omit a child not only from taking anything under the decedent's will but also from receiving allowances as well," the comment later states that "it is

-6-

claim that a conflict arises between MCL 700.2101 and MCL 700.2404 if a disinherited child is permitted to claim exempt property, as the statutes pertain to different types of property transfers.

### B. STATUTORY LANGUAGE UNDER MCL 700.2404

### 1. MEANING OF "ENTITLED "UNDER MCL 700.2404(1) AND (2)

Respondent contends that the probate court erred in finding that the Legislature's use of the term "entitled" in MCL 700.2404(1) establishes that a decedent's children have a statutory right to exempt property when there is no surviving spouse. We disagree.

"Entitled" is not defined by statute. "When the Legislature has not defined a statute's terms, we may consider dictionary definitions to aid our interpretation." *Autodie, LLC v City of Grand Rapids*, 305 Mich App 423, 434; 852 NW2d 650 (2014). "Entitle" means "to furnish with proper grounds for seeking or claiming something." *Merriam-Webster's Collegiate Dictionary* (2014). Similarly, "entitle" has been defined as "[t]o grant a legal right to or qualify for." *Black's Law Dictionary* (10th ed). In considering both definitions, we conclude that the plain meaning of "entitled" in this context is having a legal right to exempt property, or meeting the qualifications to claim exempt property as a matter of law.

Respondent, however, asserts that "[t]he plain and ordinary meaning of 'entitled' is one of eligibility as to the right of priority" and does not establish an "absolute right to exempt property." Construing "entitled" in the manner advocated by respondent is inconsistent with the context of the word "entitled" in the statute, as MCL 700.2404(3) refers a surviving spouse's entitlement (or, if there is no surviving spouse, the entitlement of the decedent's children) to the property delineated in the statute as "rights" without indicating that the rights themselves are merely procedural rights of priority that arise once a child is eligible to claim exempt property. See *GC Timmis & Co v Guardian Alarm C*o, 468 Mich 416, 421; 662 NW2d 710 (2003) ("In seeking meaning, words and clauses will not be divorced from those which precede and those which follow." [Quotation marks and citation omitted.]); *Potter v McLeary*, 484 Mich 397, 411; 774 NW2d 1 (2009) ("[W]hen considering the correct interpretation, [a] statute must be read as a whole. Individual words and phrases, while important, should be read in the context of the entire legislative scheme. In defining particular words in statutes, we must consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." [Footnotes omitted.]). Instead, the language first describes the property to which a surviving spouse (or, if there is no surviving spouse, the decedent's children) is *entitled* and subsequently states that *those rights themselves* have "have priority over all claims against the estate," not that the rights only constitute rights of priority. MCL 700.2404(1), (2). Furthermore, the fact that the devises in a testator's will are *subject to* exempt property pursuant to MCL 700.3101 further suggests that surviving spouses or children have a legal right to—not

---

unclear whether the decedent may modify or eliminate these exemptions and allowances by will." *Estates & Protected Individuals Code with Reporter's Commentary* (ICLE, 2015 ed), p 79. However, based on the plain reading of the statutes, we conclude that MCL 700.2102(2) is not dispositive in the instant case. See also MCL 700.2205 (referring to a share passing by intestate succession and exempt property as two separate rights or entities).

just a right of priority as to—exempt property under MCL 700.2404. Thus, in reading the EPIC as a whole, see *GC Timmis*, 468 Mich at 421 (stating that individual phrases of a statute "must be read in context with the entire act"); *Book-Gilbert*, 302 Mich App at 541, we conclude that the term "entitled" does, in fact, establish a right in a decedent's child to claim exempt property.[3]

This conclusion is supported by the Reporter's Comments to the EPIC. "While not binding, the Reporter's Comments to the EPIC aid in the interpretation of a statute or rule." *In re Conservatorship of Bittner*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 320688); slip op at 8 (quotation marks and citation omitted). The commentary to MCL 700.2404 provides, in relevant part: "Like the homestead allowance, the exempt property allowance does not need to be elected. *The surviving spouse is (or children are) entitled to the allowance, and the personal representative has an obligation to pay it.*" *Estates & Protected Individuals Code with Reporter's Commentary* (ICLE, 2015 ed), p 82 (emphasis added) (hereinafter *EPIC with Reporter's Commentary*). Likewise, the Reporter's Comments concerning MCL 700.2402, which are cross-referenced under the commentary to MCL 700.2404, state, in pertinent part:

> There is no statutory or court rule provision requiring the personal representative to give notice of the homestead allowance (or exempt property allowance) to the surviving spouse (or children if there is no surviving spouse). None is needed. These allowances are not elective. Subject to possible modification by the testator or spousal agreement (as explained below), *they stand as statutorily mandated transfers of a portion of the decedent's property. . . .* [*Id.* at 78.]

Therefore, for the reasons stated above, we conclude that the Legislature's use of the word "entitled" in MCL 700.2404(1), especially when read in context, establishes a statutory right to a mandatory transfer of exempt property, not merely a right of priority.[4]

---

[3] Although we agree with respondent that the right to exempt property may be restricted to a certain extent, as it must abate as necessary for the costs, expenses, and allowances delineated under MCL 700.2404(2), this fact does not preclude a finding that a legal right exists. Furthermore, as discussed *infra*, courts from other jurisdictions which have interpreted strikingly similar statutory language have concluded that the right to exempt property is "absolute." See *In re Estate of Peterson*, 254 Neb 334, 340-341; 576 NW2d 767 (1998); *Matter of Estate of Wagley*, 760 P2d 316, 318 (Utah, 1988); *Matter of Dunlap's Estate*, 199 Mont 488, 490-491; 649 P2d 1303 (1982).

[4] Because we find that MCL 700.2404 establishes a statutory right regardless of whether the statute is remedial in nature, we need not consider respondent's argument that the trial court erroneously relied on a finding that MCL 700.2404 was a remedial statute in determining whether petitioner had a statutory right to exempt property. Nevertheless, we note that Michigan Courts have distinguished remedial statutes from statutes that confer substantive rights. See, e.g., *Frank W Lynch & Co v Flex Technologies, Inc*, 463 Mich 578, 585; 624 NW2d 180 (2001); *Rookledge v Garwood*, 340 Mich 444, 453; 65 NW2d 785 (1954).

2. MEANING OF "IN ADDITION TO" AND "UNLESS OTHERWISE PROVIDED" UNDER
MCL 700.2404(3)

Respondent argues that a plain reading of MCL 700.2404 reveals a preliminary assumption that an adult child must actually receive a benefit or share of the estate in order to claim exempt property. We disagree.

The plain language of the statute states that "the rights" to which a surviving spouse, or a decedent's child, is entitled under MCL 700.2404 "*are in addition to* a benefit or share passing to the surviving spouse or children by the decedent's will, *unless otherwise provided*, by intestate succession, or by elective share." MCL 700.2404(3) (emphasis added). As the probate court concluded, we find that the plain meaning of this language is that a child's ability to claim exempt property is *separate* from, *independent* of, or *supplemental* to any benefit or share received—or not received—under a will. We discern no indication of a condition precedent or requirement that a child must receive a devise under a will in order to claim exempt property. Likewise, this conclusion is consistent with the fact that a decedent's devises under a will are *subject to* exempt property, MCL 700.3101, which indicates that the operation of the exempt property statute is separate and distinct from the specific devises of a will, and the decisions of other state courts interpreting language strikingly similar to MCL 700.2404, see Part III.C, *infra*.

Additionally, respondent argues that language expressly stating that an adult child is to receive nothing under a will is sufficient to trigger the "unless otherwise provided" language under MCL 700.2404, such that petitioner was not entitled to exempt property under MCL 700.2404 given the disinheriting language in the will. We disagree.

Given the existence of a right to exempt property under MCL 700.2404 that is separate from any property devised under the will, we conclude that the language in decedent's will that generally disinherited petitioner was not sufficient under MCL 700.2404 to eliminate petitioner's *statutory right* to exempt property, as the disinheriting language included no reference to petitioner's statutory rights.[5]

---

[5] By analogy, the Reporter's Comment to MCL 700.2404 provides, "A specific devise of personal property to the spouse or children without a further indication that it replaces this exemption should not be interpreted as within the phrase 'unless otherwise provided.' " *EPIC with Reporter's Commentary*, pp 81-82.

The Reporter's Comment to MCL 700.2402 also states the following with regard to the "unless otherwise provided" language, ultimately concluding that it is unclear whether a decedent may modify or eliminate an exemption by will:

The phrase "unless otherwise provided" in the last sentence of §2402 permits a testator to stipulate that the allowance is to be treated as part of the share given by will to the spouse (or other recipient). The allowances in §§2402, 2043, and 2404, MCL 700.2403, .2404, are certainly intended to offer some economic protection to the surviving spouse and to children when they are eligible. May the

## C. CASELAW FROM OTHER JURISDICTIONS

Our reasoning above is consistent with caselaw from other jurisdictions that considered statutes strikingly similar to MCL 700.2404.[6] In *Matter of Dunlap's Estate*, 199 Mont 488, 489; 649 P2d 1303 (1982), the decedent, whose husband predeceased her, executed a will under which she specifically disinherited her son, who sought to claim exempt property. "The sole issue before [the court was] whether a child specifically disinherited by will may take under [Mont Code Ann 72-2-802] which provides exempt property for certain heirs." *Id.* At the time, the exempt property statute provided:

> (1) In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding $3,500 in excess of any security interests therein in household furniture, automobiles, furnishings, appliances, and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value is excess of security interests,

decedent, however, stipulate in his or her will that one or more of the allowances not be paid? In other words, can a spouse or a child be omitted from coverage by these allowances? It seems clear that a spouse may not be denied these allowances through unilateral action by the decedent. Section 2205, MCL 700.2205, appears to state the only methods by which the spouse may be excluded from receiving the allowances. All require consent of the spouse. Other provisions point to the fact that a decedent could omit a child not only from taking anything under the decedent's will but also from receiving allowances as well. These sections are MCL 700.2101(2) (permitting exclusion from receiving an intestate share), and §2302, MCL 700.2302 (providing no share for a child who is deliberately or inadvertently excluded from a will, except in very limited situations). The inclusion of dependent children in the coverage of §§ 2402 and 2403 arguably is based on a public policy of providing a minimal benefit in all events for the one or those who have an economic need. Because children who may take exempt property under §2404 need not be dependent children, their inclusion may be based on simple fairness, not economic necessity. *Whatever the policy reason for including children within the coverage of these provisions, it is unclear whether the decedent may modify or eliminate these exemptions and allowances by will.* [*Id.* at 78-79 (emphasis added).]

[6] "Cases from other jurisdictions, although not binding, may be persuasive." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 529 n 2; 791 NW2d 724 (2010). We find this caselaw especially significant given that one of the rules of construction under MCL 700.1201(d)—in accordance with which "[the EPIC] shall be liberally construed and applied to promote"—is "[t]o make the law uniform among the various jurisdictions, both within and outside of this state." MCL 700.1201(d). Although the statutes construed in the cases from other jurisdictions cited in this opinion were subsequently amended, we find that interpreting MCL 700.2404 in a manner analogous to the interpretations of the similar, albeit prior, statutes advances the uniformity and predictability of the law.

plus that of other exempt property, is less than $3,500 or if there is not $3,500 worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the $3,500 value.

(2) Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance.

(3) These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share. [*Id.* at 489-490, quoting Mont Code Ann 72-2-802 (now Mont Code Ann 72-2-413) (quotation marks and emphasis omitted).]

As in the instant case, the estate argued "(1) that testator's intent governs the above section, and (2) that the statutory language in subsection (3) above, 'unless otherwise provided,' includes the will of the testator by disinheriting the son and hence the son cannot be the recipient of exempt property." *Id.* at 490. Like us, the Montana Supreme Court disagreed and affirmed the district court's order granting the disinherited son's petition for exempt property. *Id.* at 488-489, 492. The court stated, "We agree . . . that the governing rule in construction or interpretation of a testamentary disposition is the intention of the testator and must prevail; however, that is not our case here." *Id.* at 490. The Court reasoned that the phrase "unless otherwise provided" must be considered in light of the section as a whole, concluding, based on the language of the entire statute and caselaw interpreting a surviving spouse's right to exempt property and the homestead allowance, that either the surviving spouse or the decedent's children have an absolute right to exempt property. *Id.* at 490-491. The court specifically found that "[t]he statute embodies a priority right in the surviving spouse as against the surviving children of the decedent, but does not grant a surviving spouse any greater right to exempt property than the surviving children." *Id.* at 491. Moreover, the Court determined that exempt property assets "are protected from creditors so that property and money can be distributed to those people whom Montana's legislature has determined to protect." *Id.* Further, the Court stated that "[t]he family protection provisions of the Uniform Probate Code"—including the "statutory rights vested in the surviving spouse and certain children" to exempt property and allowances—"were intended by the drafters to protect a surviving spouse and children from disinheritance by a decedent." *Id.* at 491-492.[7] Finally, the court noted that "the decedent's will did no more than

---

[7] Respondent appears to contest this conclusion by arguing that the trial court erred in failing to distinguish between "allowances" and "exemptions" under the EPIC, arguing that "allowances" are separate and distinct from "exempt property" under the EPIC. However, we decline to address this argument because it has no bearing on our construction of the right to exempt property under MCL 700.2404, and respondent expressly concedes that "[t]he issue before this Court is limited only to the Exempt Property [sic] provisions under MCL 700.2404, as they apply to a disinherited adult child." Nevertheless, the Reporter's Comments expressly refer to the exempt property provision as "the exempt property allowance" and reference "the

-11-

disinherit the child and expressed no intent as to statutory rights," in upholding the child's claim of exempt property. *Id*. at 492. See also *Matter of Estate of Herr*, 460 NW2d 699, 705-706 (ND, 1990) (citing with approval the court's holding and reasoning in *Matter of Dunlap's Estate* and quoting a provision similar to MCL 700.3101 in determining that a child was entitled to exempt property under a statute similar to MCL 700.4204 even though she received nothing under the decedent's will).

Similarly, Nebraska's Supreme Court construed a prior version of its exempt property statute, which was similar to MCL 700.2404, in order to determine "whether an adult, emancipated son of a testator is entitled to an exempt property allowance of $5,000 pursuant to [Neb Rev Stat] 30–2323 (Reissue 1995) when the will specifically provided that under no circumstance should any share of the testator's estate go to his son." *In re Estate of Peterson*, 254 Neb 334, 335; 576 NW2d 767 (1998). At the time, the exempt property statute provided:

> In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding five thousand dollars in excess of any security interests therein in household furniture, automobiles, furnishings, appliances, and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value in excess of security interests, plus that of other exempt property, is less than five thousand dollars, or if there is not five thousand dollars worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the five thousand dollars value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate except for costs and expenses of administration, and except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. *These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided therein, by intestate succession, or by way of elective share.* [*Id*. at 336-337, quoting Neb Rev Stat 30–2323 (Reissue 1995).]

The court "conclude[d] that the plain and unambiguous language of § 30–2323 creates a statutory right that accrues to the surviving spouse or the surviving children jointly if there is no surviving spouse upon the death of the testator." *Id*. at 339. In determining whether "this right is indefeasibly vested or whether it may be abrogated by will," the court considered *Matter of Dunlap's Estate*, 199 Mont 488, and noted that other jurisdictions allowing a testator to provide for a bequest instead of a statutory allowance have indicated that the testator's intent to do so "must be clear from the language of the will before the court will bar the statutory grant." *In re Estate of Peterson*, 254 Neb at 339-340. The court ultimately held:

---

allowances" under MCL 700.2404, MCL 700.2403, *and* MCL 700.2404, which strongly suggests that respondent has developed a false distinction. See *EPIC with Reporter's Commentary*, pp 78-83.

In construing the language of § 30–2323, we conclude that the statutory rights granted therein are vested and indefeasible. The clear intent of § 30–2323 is to provide an exempt property allowance, which benefit is "in addition to" any benefits passing to the surviving spouse or surviving children by will, by intestate succession, or by way of elective share. Unless a testator clearly provides in the will that the devises and bequests are in lieu of exempt property, then the spouse or children are entitled to both. . . . [*Id.* at 340.]

Finally, the court wrote:

If the will of a testator clearly provides otherwise, then an exempt property allowance is not "in addition to" any benefit by will, intestate succession, or elective share. Regardless, the rights set forth in § 30–2323 cannot be defeated by a testator even though the testator may require a spouse or child to choose between the devise or the exempt property allowance.

The county court erred in finding that [the disinherited son] was not entitled to an exempt property allowance. The testator disinherited [the son], but [the son] is entitled to an exempt property allowance in accordance with § 30–2323. [*Id.* at 341.][8]

Even though the Nebraska Legislature subsequently amended Neb Rev Stat 30–2323 after the *In re Estate of Peterson* decision was issued to expressly prevent children disinherited under a will from claiming exempt property, we conclude that the reasoning applied by the Nebraska Supreme Court in *Peterson*, and the Montana Supreme Court in *Matter of Dunlap's Estate*, with respect to statutes strikingly similar to MCL 700.2404 confirms that our holding is consistent with the plain language of MCL 700.2404 as it stands today.[9] Furthermore, cases from other jurisdictions interpreting an exempt property statute with language similar to MCL 700.2404 in regard to a surviving spouse and a homestead allowance provision similar to MCL 700.2402, which also included entitlement language that mirrors MCL 700.2404, have determined that the statutes unambiguously establish an entitlement or absolute right as a matter

---

[8] Although the *In re Estate of Peterson* court did not expressly mention the rules of construction in place under the probate code, when the case was decided, Nebraska's probate code included rules of construction that were nearly identical to Michigan's rules of construction under MCL 700.1201—most notably, "to discover and make effective the intent of a decedent in distribution of his or her property[.]" Neb Rev Stat 30-2202.

[9] Respondent concedes that an amendment to MCL 700.2404, as was done in Nebraska, would give her the outcome that she seeks in this appeal. But, since a legislative fix is not available to her, she would like this Court to rewrite the statute. We decline to do so, as this is a function of the Legislature.

-13-

of law. See *In re Estate of Martelle*, 306 Mont 253, 257, 261; 32 P3d 758 (2001); *Matter of Estate of Wagley*, 760 P2d 316, 317-318 (Utah, 1988).[10]

Therefore, in light of the plain language of the statute and caselaw from other jurisdictions interpreting provisions similar to the EPIC, we hold that petitioner has a statutory right to exempt property under MCL 700.7404 that was not eliminated by the disinheriting language in decedent's will, which included no expression of intent as to petitioner's statutory right to exempt property.

## D. DISTINCTION BETWEEN RIGHTS OF SURVIVING SPOUSES AND ADULT, NON-DEPENDENT CHILDREN

Lastly, respondent contends that the trial court erred in failing to distinguish between the rights of a surviving spouse and the rights of adult, non-dependent children in applying MCL 700.2404. She argues, based on the language of MCL 700.2205, that the Legislature did not intend for the rights granted to a surviving spouse under MCL 700.2402 through MCL 700.2404 to be equal to the rights granted to an adult child when there is no surviving spouse. Although we agree that the statutory text supports the conclusion that there is a distinction between the rights of a surviving spouse and the rights of an adult child, we are not persuaded that MCL 700.2205, on its own, demonstrates that the rights of an adult child to exempt property are not "vested."

Respondent is correct that MCL 700.2205 expressly provides for the waiver of exempt property by a surviving spouse and that no other provision allows for such a waiver by an adult child. MCL 700.2205 states:

> The rights of the surviving spouse to a share under intestate succession, homestead allowance, election, dower, exempt property, or family allowance may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver signed by the party waiving after fair disclosure. Unless it provides to the contrary, a waiver of "all rights" in the property or estate of a present or prospective spouse or a complete property settlement entered into after or in anticipation of separate maintenance is a waiver of all rights to homestead allowance, election, dower, exempt property, and family allowance by the spouse in the property of the other and is an irrevocable renunciation by the spouse of all benefits that would otherwise pass to the spouse from the other spouse by intestate succession or by virtue of a will executed before the waiver or property settlement.

Based on this, respondent argues that we should infer that a surviving spouse has a vested right to exempt property that cannot be waived without the consent of the spouse, while a non-

---

[10] As discussed *infra*, we perceive no indication in the statutory text that a qualifying child has less of a right to exempt property than a surviving spouse under MCL 700.2404.

dependent adult child does not have the same vested right, such that his or her consent is not required for his or her right to exempt property to be modified or eliminated by a decedent's will.

Given the significant legal differences between—and implications of—a martial relationship as opposed to a parent-child relationship, we disagree that the express possibility of waiver "by a written contract, agreement, or waiver signed by the party waiving after fair disclosure" under MCL 700.2205 necessarily establishes that a decedent's surviving spouse has a "*vested* right" while a decedent's adult child does not. Moreover, we find that such a conclusion is tenuous in light of the statutory text. Apart from possibility of spousal waiver established under MCL 700.2205, we discern no indication that the Legislature intended for children to have different or limited rights to exempt property as compared to a surviving spouse. In light of the significant consequences of such a conclusion, we find that the Legislature, if it wished, could have expressly included such a distinction between the rights in the text if it had intended for that distinction to exist. Cf. *Sclafani v Domestic Violence Escape*, 255 Mich App 260, 269-270; 660 NW2d 97 (2003) (reasoning that the Legislature would have expressed an intention more clearly if it had intended to implement such a provision). It is not the role of the Court to judicially legislate by adding language to a statute, *Empire Iron Mining Partnership v Orhanen*, 455 Mich 410, 421; 565 NW2d 844 (1997), and this Court may not engraft a limitation of a right, which is not included by the Legislature, "under the guise of statutory construction," see *Lakeland Neurocare Ctrs v State Farm Mut Auto Ins Co*, 250 Mich App 35, 39-40; 645 NW2d 59 (2002).[11]

Therefore, we reject respondent's argument that MCL 700.2205 indicates that an adult child has an inferior right to exempt property compared to a surviving spouse.

IV. CONCLUSION

Although it may have been prudent for the Legislature to specifically prescribe the way in which a statement of a decedent's intent to disinherit a child under a will affects the child's claim to exempt property, especially given that one of the express purposes and policies of the EPIC is "[t]o discover and make effective a decedent's intent in distribution of the decedent's property," MCL 700.1201(b), it is not our role to do so. "When the Legislature fails to address a concern in [a] statute with a specific provision, the courts cannot insert a provision simply because it would

---

[11] Contrary to the inference drawn by respondent, the Reporter's Comment to MCL 700.2205 also appears to draw an opposite inference:

> This section permits only a spouse to waive allowances and the right to exempt property (as well as other rights). An adult dependent child may be entitled to homestead and family allowances under MCL 700.2402 and .2403. An adult child may be entitled to an exempt property allowance under MCL 700.2404. *These apparently are rights that may not be waived.* It is uncertain whether they may be modified or eliminated by the decedent's will. . . . [*EPIC with Reporter's Commentary*, p 72 (emphasis added); see also *In re Conservatorship of Bittner*, ___ Mich App at ___; slip op at 8].

-15-

have been wise of the Legislature to do so to effect the statute's purpose." *Book-Gilbert*, 302 Mich App at 542 (quotation marks and citations omitted).

Here, if the Legislature wished to extend the testator's intent in disinheriting a child to the child's *statutory* right to exempt property, it could have expressly stated its intention in the statute. However, the statute is silent in this regard. Thus, for the reasons stated above, we conclude that petitioner has a right to exempt property under MCL 700.2404 that was not eliminated by the disinheriting language in decedent's will.

Affirmed.


/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens