# STATE OF MICHIGAN

# COURT OF APPEALS

_In re_ Estate of MANGLES.

| | |
|---|---|
| PENNY MARTIN, Personal Representative of the ESTATE OF JUANITA ORTHABELL MANGLES, | UNPUBLISHED<br>May 11, 2017 |
| Appellant, | |
| v | No. 331278<br>Ingham Probate Court |
| TERRY MANGLES, Personal Representative of the ESTATE OF DARRYL C. MANGLES, | LC No. 14-001013-DE |
| Appellee. | |

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Appellant appeals as of right the probate court's order awarding real and personal property to the Estate of Darryl C. Mangles, and directing the Estate of Juanita Mangles to execute a quit claim deed to the Estate of Darryl Mangles. We affirm.

## I. FACTS

Juanita Mangles died in 2002, leaving a will. She was survived by four offspring, including Daryl Mangles and Terry Mangles. The will explicitly made no provision for Juanita's sons, other than Darryl. The will specified that Darryl was to receive Juanita's home, but further provided that if Darryl "should fail to survive me, then I give this property" to Appellant, Juanita's granddaughter. The will also directed that the residue of her estate would be divided equally between Darryl and appellant. Additionally, the will nominated Darryl to serve as personal representative, or, in the event that he was unable or unwilling to serve, it nominated Appellant. After Juanita's passing, Darryl did not probate her will, and apparently never placed Juanita's home in his name.

Darryl died in 2014, and Terry Mangles was appointed personal representative of his estate. Terry claimed an interest in Juanita's home as a consequence of Darryl's death, on the ground that, even though Darryl had not probated Juanita's estate or transferred the property to

-1-

his name, because Darryl was alive when Juanita died, he then acquired sole ownership of Juanita's home, and that upon Darryl's passing, interests in the property should pass according to the latter's estate plan. Appellant responded that to allow Terry an interest in Juanita's home would run counter to the intent of Juanita's will. The trial court agreed with Terry and ordered that Juanita's home and the personal property therein be turned over to Darryl's estate.

## II. DISCUSSION

Appellant argues that the trial court erred when it awarded Juanita's property to Darryl's estate because doing so foiled Juanita's intent that Terry take no part of her estate. We disagree.

This Court reviews a "probate court's factual findings for clear error and its dispositional rulings for an abuse of discretion." *In re Jajuga Estate*, 312 Mich App 706, 711; 881 NW2d 487 (2015). "[A] finding is clearly erroneous when, on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Boyd v Civil Serv Comm*, 220 Mich App 226, 235; 559 NW2d 342 (1996). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008). Issues of statutory construction are questions of law that this Court reviews de novo issues. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008).

The crux of appellant's argument is that the last wishes of a testator should control, and that Juanita's wish that three of her sons be disinherited should preclude Terry from taking any of Juanita's property through Darryl's estate. We disagree.

The general rule regarding wills is that "the intent of the testator is to be carried out as nearly as possible." *In re Estate of Reisman*, 266 Mich App 522, 527; 702 NW2d 658 (2005). If there is no "patent or latent ambiguity in the provisions of a will, the intention to be ascribed to the testator is that intention demonstrated in the will's plain language." *Id*. (citation omitted). Additionally, a "court may not construe a clear and unambiguous will in such a way as to rewrite it, and, where possible, each word should be given meaning." *Id*. (citation omitted).

MCL 700.3101 states that "[a]n individual's power to leave property by will, and the rights of creditors, devisees, and heirs to his or her property, are subject to the restrictions and limitations contained in [the Estates and Protected Individuals Code[1]]. MCL 700.3101 further states the basic rule that "[u]pon an individual's death, the decedent's property devolves to the persons to whom the property is devised by the decedent's last will."

In this case, the will clearly set forth Juanita's intention that Darryl receive the full undivided and unfettered interest in her home if he survived her, and that Appellant receive that interest if, but only if, Darryl did not survive her. Under MCL 700.3101, once Juanita died, the rights in her home immediately devolved to Darryl, extinguishing appellant's gift-over interest in

[1] MCL 700.1101 *et seq.*

the property. Accordingly, the trial court's award of the home to Darryl's estate complied with both the will and the EPIC, and thus was not an abuse its discretion.

Appellant argues that the devise to Darryl did not vest in him as a consequence of his failure to probate Juanita's estate, causing the devise to lapse. However, appellant fails to develop this argument beyond citing authority for the proposition that wills should be construed to effectuate the intent of the testator. Such argument is insufficient to invoke this Court's review. See *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue."); *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (cursory argument lacking citation of relevant authority or application of the law to the facts is abandoned for insufficient briefing).

For these reasons, we reject appellant's challenges to the trial court's determinations regarding the interests in Juanita Mangles' real and personal property.[2]

Affirmed.


/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

---

[2] Appellant's challenge concerning the trial court's disposition of Juanita Mangles' personal property is also without merit considering that the only listed personal property is $500 worth of unidentified property that had been donated and unidentified jewelry that had been stolen.