*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

SHERRIE DANIEL,

      Claimant-Appellee,

v

ANN ARBOR TRANSIT AUTHORITY, also
known as ANN ARBOR TRANSPORTATION
AUTHORITY,

      Appellant,

and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

      Appellee.

UNPUBLISHED
December 26, 2019

No.  343860
Washtenaw Circuit Court
LC No.  17-000771-AE

SHERRIE DANIEL,

      Claimant-Appellee,

v

ANN ARBOR TRANSIT AUTHORITY, also
known as ANN ARBOR TRANSPORTATION
AUTHORITY,

      Appellee,

and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

      Appellant.

No.  343866
Washtenaw Circuit Court
LC No.  17-000771-AE

-1-

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals, the Ann Arbor Area Transportation Authority (AAATA) and the Department of Talent and Economic Development/Unemployment Insurance Agency (Agency) appeal by leave granted the order of the circuit court reversing the decision of the Michigan Compensation Appellate Commission (MCAC), which affirmed the decision of the administrative law judge (ALJ) denying unemployment benefits to claimant Sherrie Daniel. We hold that the MCAC correctly concluded that Daniel was disqualified under MCL 421.29 from receiving unemployment benefits. Accordingly, we reverse the decision of the circuit court.

## I. FACTS

Before January 5, 2016, Daniel worked as a motor coach operator for the AAATA. On June 21, 2015, Daniel suffered a heart attack; she testified that she previously suffered a heart attack in 2013. Daniel was on medical leave and received disability payments until approximately December 21, 2015. Under the collective bargaining contract with the AAATA, Daniel was entitled to an additional six months of unpaid medical leave. Daniel testified that she inquired about a desk job with the AAATA but was informed that none were available. She therefore took a medical retirement from her position with the AAATA on January 5, 2016, claiming her accrued leave time.

Following her retirement, Daniel applied for unemployment benefits. The Agency denied her request, finding that Daniel had quit her job for medical reasons but without good cause attributable to the AAATA. Daniel's appeal of the Agency's determination was heard by an administrative law judge, who determined that because Daniel did not seek to be placed on a leave of absence until she recovered, she was disqualified under MCL 421.29 from receiving unemployment benefits. Daniel appealed to the MCAC, which affirmed the ALJ's decision.

Daniel appealed the decision of the MCAC to the circuit court, which reversed the decision of the MCAC. The circuit court concluded that Daniel was not required by MCL 421.29 to request additional leave before resigning because her medical condition was permanent and it would have been futile to request indefinite medical leave. The Agency and the AAATA now appeal the circuit court's decision.

## II. DISCUSSION

The Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*, is a remedial act designed to "safeguard the general welfare through the dispensation of benefits intended to ameliorate the disastrous effects of involuntary unemployment." *Korzowski v Pollack Indus*, 213 Mich App 223, 228-229; 539 NW2d 741 (1995) (quotation marks and citation omitted). The act is to be liberally construed, and the provisions regarding disqualification from benefits are to be narrowly construed. *Id*.

To receive unemployment benefits under the MESA, however, an individual must be eligible under the act. *Shirvell v Dep't of Attorney General*, 308 Mich App 702, 755-756; 866 NW2d 478 (2015). To demonstrate eligibility under the MESA, an individual must meet certain

threshold requirements set forth in MCL 421.28 such as filing a claim for benefits and seeking employment. *Id*. In addition, an individual will be disqualified for benefits if he or she fails to comply with the provisions of MCL 421.29(1)(a), which provides, in pertinent part:

> (1) Except as provided in subsection (5), an individual is disqualified from receiving benefits if he or she:
>
> (a) Left work voluntarily without good cause attributable to the employer or employing unit. An individual who left work is presumed to have left work voluntarily without good cause attributable to the employer or employing unit. An individual who is absent from work for a period of 3 consecutive work days or more without contacting the employer in a manner acceptable to the employer and of which the individual was informed at the time of hire shall be considered to have voluntarily left work without good cause attributable to the employer. An individual who becomes unemployed as a result of negligently losing a requirement for the job of which he or she was informed at the time of hire shall be considered to have voluntarily left work without good cause attributable to the employer. An individual claiming benefits under this act has the burden of proof to establish that he or she left work involuntarily or for good cause that was attributable to the employer or employing unit. *An individual claiming to have left work involuntarily for medical reasons must have done all of the following before the leaving: secured a statement from a medical professional that continuing in the individual's current job would be harmful to the individual's physical or mental health; unsuccessfully attempted to secure alternative work with the employer; and unsuccessfully attempted to be placed on a leave of absence with the employer to last until the individual's mental or physical health would no longer be harmed by the current job.* [Emphasis added.]

Thus, an individual who leaves work without good cause attributable to the employer ordinarily is disqualified from receiving unemployment benefits. MCL 421.29(1)(a); *Logan v Manpower of Lansing, Inc*, 304 Mich App 550, 557; 847 NW2d 679 (2014). An individual who claims to have left work involuntarily for medical reasons, however, must demonstrate that before leaving work he or she (1) secured a statement from a medical professional that continuing in his or her job would be harmful to the individual's health, (2) unsuccessfully attempted to secure alternative work with the employer, and (3) unsuccessfully attempted to be placed on a leave of absence until his or her health would no longer be harmed by returning to the job. MCL 421.29(1)(a).

In this case, the Agency and the AAATA contend that Daniel failed to demonstrate the third requirement. The ALJ agreed and concluded, in pertinent part:

> The Employer's physician found the Claimant unable to perform her job duties as a bus driver. The Claimant asked [the employer] about alternative work. There were no other positions open at that time. The Claimant did not ask for an extension or additional leave before resigning for medical reasons. The Claimant had 12 total continuous months of leave available. . . . She resigned at

approximately six months. The Claimant has met the first two requirements of the statute, but not the third. Therefore, she is disqualified for benefits.

The MCAC affirmed the decision of the ALJ. The circuit court, however, reversed the decision of the MCAC, holding that Daniel had "fulfilled all three statutory requirements of the involuntary leaving for medical reasons provision" of MCL 421.29(1)(a), and thus was qualified for benefits under the MESA.

The MESA expressly provides for judicial review of unemployment benefits claims, *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015), as follows, in relevant part:

> The circuit court . . . may review questions of fact and law on the record made before the [ALJ] and the [MCAC] involved in a final order or decision of the [MCAC], and may make further orders in respect to that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. . . . [MCL 421.38(1).]

A circuit court reviewing a decision of the MCAC thus must affirm the decision of that tribunal if it conforms to the law, and is supported by competent, material, and substantial evidence on the entire record. *Hodge*, 497 Mich at 193. When reviewing a lower court's review of an administrative decision, this Court must determine whether the lower court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (quotation marks and citation omitted). Substantial evidence is evidence that "a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *Id*. (quotation marks and citation omitted). The circuit court is not at liberty to substitute its judgment for that of the MCAC if that decision is supported by substantial evidence. *Hodge*, 497 Mich at 193-194. We review the lower court's legal conclusions de novo. *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014). In addition, the interpretation of a statute presents an issue of law that we review de novo. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007).

In this case, we conclude that the circuit court did not correctly apply the MESA and misapplied the substantial evidence test to the agency's factual findings. The parties do not dispute, and the ALJ found, that Daniel did not unsuccessfully attempt to be placed on a leave of absence until her health would no longer be harmed by returning to her job. The parties also do not dispute that Daniel was entitled to up to 12 months consecutive leave of absence for her medical condition under the collective bargaining agreement, but chose to retire after six months' leave of absence. Daniel contends, however, and the circuit court reasoned, that a request to extend her leave of absence until her health improved would have been futile in this case because her medical condition was permanent and her health was never going to improve enough for her to resume driving a bus. We disagree that this reasoning overcomes the necessity of proving the three requisite statutory elements for demonstrating involuntary leaving for medical reasons.

Moreover, contrary to the circuit court's finding, the record is by no means clear that Daniel's condition was unlikely to improve sufficiently for her to resume her previous job. A review of the record indicates that only two medical records were presented before the ALJ. The first was a letter from a cardiologist, dated September 30, 2015, which stated, in relevant part:

> Mrs. Sherrie Daniel is being treated at the University of Michigan Cardiovascular Center for a cardiac condition. We are extending her back to work date. We will see her in our cardiology clinic on Wednesday, October 14 to discuss cardiac rehab progress and overall cardiac health. We would like to keep her off [work] until after this appointment. She will be able to return to work on Monday, October 19, 2015.

The second record was from October 28, 2015, when Daniel presented at Concentra Medical Centers with a complaint of "intermittent dizziness." Her treating physician completed a "Return to Work Evaluation," stating under "Findings/Recommendations" that "@this time pt unable to return to work in current position as a DOT driver." There was no evidence presented before the ALJ that Daniel was permanently disabled from bus driving.

The statutory language unambiguously provides that the claimant must meet the three requirements articulated in MCL 421.29(1)(a) before her departure would qualify her for unemployment benefits as involuntarily leaving for medical reasons. See MCL 421.29(1)(a). The Legislature's use of the phrase "must have done all of the following" denotes a mandatory requirement. Compare *Fradco v Dep't of Treasury*, 495 Mich 104, 114; 845 NW2d 81 (2014) ("The Legislature's use of the word 'shall' . . . indicates a mandatory and imperative directive."). It is axiomatic that this Court will not read words into or "rewrite or embellish the statute." See *Byker v Mannes*, 465 Mich 637, 646-647; 641 NW2d 210 (2002). Rather, we are constrained to enforce the statute as written. *In re Jajuga Estate*, 312 Mich App 706, 712; 881 NW2d 487 (2015). Because Daniel did not unsuccessfully request a leave of absence, the ALJ and MCAC correctly found that she is disqualified from receiving unemployment benefits under MCL 421.29(1)(a). The circuit court therefore misapplied the unambiguous provision of MESA and improperly reversed the MCAC.

Reversed.

/s/ Anica Letica
/s/ Michael F. Gadola
/s/ Thomas C. Cameron