BOOK-GILBERT v GREENLEAF

Docket No. 308755. Submitted July 10, 2013, at Detroit. Decided September 26, 2013, at 9:00 a.m.

Heather McCallister, the paternal grandmother of Eli Greenleaf, moved in the Genesee Circuit Court for grandparenting time under MCL 722.27b after the child's guardian, Angela Tyndall, refused to let her visit the child. The case began as a support action between the child's mother, Ashlee Book-Gilbert, and the child's father, Jerry R. Greenleaf. Book-Gilbert subsequently died, and Jerry was incarcerated. After Tyndall was appointed as the child's guardian, McCallister moved for grandparenting time in the support action, which had never been closed. The court, Kay F. Behm, J., ruled that Tyndall was entitled to the fit-parent presumption of MCL 722.27b(4)(b), that McCallister had failed to overcome the presumption, and, accordingly, denied McCallister's motion for grandparenting time. The Court of Appeals granted McCallister's delayed application for leave to appeal.

The Court of Appeals *held*:

A child's grandparent may seek a grandparenting time order under certain circumstances. It is presumed in a proceeding for grandparenting time that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut the presumption, a grandparent must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. If the grandparent fails to overcome the presumption, the court must deny the grandparent's motion for grandparenting time. Under the plain language of MCL 722.27b(4)(b), only fit parents are entitled to the presumption. There are distinct differences between a parent and a guardian such that it would be inappropriate to read the term "guardian" into the text of the fit-parent presumption in the absence of clear statutory language to that effect. Specifically, parents have a fundamental liberty interest in the care, custody, and control of their children. In contrast, guardianships are statutory in nature. The presumption favoring a fit parent reflects the elevated status of parents and

parental rights. The circuit court erred when it gave the guardian the benefit of the fit-parent presumption.

Reversed and remanded for further proceedings.

CHILD CUSTODY — GRANDPARENTING TIME — FIT-PARENT PRESUMPTION — GUARDIANS.

It is presumed in a proceeding for grandparenting time that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health; only fit parents are entitled to the presumption; a guardian is not entitled to the presumption (MCL 722.27b).

*John Ceci PLLC* (by *John R. Ceci*) for Heather McCallister.

*John A. Streby* for Angela Tyndall.

Before: FORT HOOD, P.J., and FITZGERALD and RONAYNE KRAUSE, JJ.

PER CURIAM. Heather McCallister, the minor child's paternal grandmother, appeals by leave granted the family court order denying her motion for grandparent visitation, MCL 722.27b. We reverse and remand for proceedings consistent with this opinion.

When the minor child was three years old, his mother died. The father of the minor child was homeless and later placed in prison for failing to register as a sex offender. A foster care worker with the Department of Human Services (DHS) interviewed McCallister to determine her eligibility for visitation. McCallister was employed as a licensed adult-foster-care worker. In the course of the interview, McCallister did not disclose that DHS had previously investigated allegations concerning her home. The foster care worker opined that McCallister was not forthright regarding the investigations. The minor child was placed in the care of Angela Tyndall, a relative of the minor child's deceased mother, in March 2009. The minor child was able to visit with

McCallister until August 2009. In August 2009, Tyndall was named guardian of the minor child. After she became the minor child's guardian, DHS gave Tyndall the right to determine whether grandparent visitation would continue. Tyndall refused to allow further visitation.

McCallister subsequently moved for grandparent visitation under MCL 722.27b.[1] At the time of the hearing on the motion, McCallister had not visited or seen the minor child in nine months. The trial court opined that McCallister should have visitation if it was not detrimental to the child. Accordingly, the court appointed a guardian ad litem for the minor child and scheduled the matter for an evidentiary hearing. Two evidentiary hearings were held within a year. At the conclusion of the second evidentiary hearing, the parties agreed to adjourn the matter in order to have a therapist interview McCallister and the minor child and allow a visit if it was deemed appropriate. Although McCallister presented the testimony of an expert, this individual had never interviewed the minor child and testified that he was offering an opinion premised on theory. The trial court noted that without an evaluation of the minor child, all parties were "guessing" what was best for the minor child. However, at the next hearing, it was learned that the evaluation had not occurred, the minor child's therapist had left her employment, and Tyndall's family had moved to a different city because of a job change. It was determined that the evidentiary case would continue, and two additional evidentiary hearings were held. At the conclusion of those addi-

---

[1] This case began as a child support action. Plaintiff, Ashlee Book-Gilbert, is the minor child's deceased mother, and defendant, Jerry Ryan Greenleaf, is the minor child's biological father. McCallister asserted that the court had jurisdiction over her motion because the support action had never been closed.

tional hearings, the trial court ruled that Tyndall, although only a guardian, was entitled to the fit-parent presumption of MCL 722.27b(4)(b), and that McCallister had failed to overcome the presumption. As a result of this ruling, the court did not address the best-interest factors of MCL 722.27b(6), and denied McCallister's motion. We granted McCallister's delayed application for leave to appeal.[2]

McCallister alleges that the trial court erred by allowing Tyndall, the guardian, to use the fit-parent presumption of MCL 722.27b(4)(b) to deny grandparent visitation. We agree.

The interpretation and application of a statute presents a question of law that the appellate court reviews de novo. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. *Id.* First, the court examines the most reliable evidence of the Legislature's intent, the language of the statute itself. *Id.* "When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *In re Receivership of 11910 South Francis Rd*, 492 Mich 208, 222; 821 NW2d 503 (2012). Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Whitman*, 493 Mich at 311. "Generally, when language is included in one section of a statute but omitted from

---

[2] *Book-Gilbert v Greenleaf*, unpublished order of the Court of Appeals, entered October 18, 2012 (Docket No. 308755).

another section, it is presumed that the drafters acted intentionally and purposely in their inclusion or exclusion." *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011). The courts may not read into the statute a requirement that the Legislature has seen fit to omit. *In re Hurd-Marvin Drain*, 331 Mich 504, 509; 50 NW2d 143 (1951); *Mich Basic Prop Ins Ass'n v Office of Fin & Ins Regulation*, 288 Mich App 552, 560; 808 NW2d 456 (2010). "When the Legislature fails to address a concern in the statute with a specific provision, the courts cannot insert a provision simply because it would have been wise of the Legislature to do so to effect the statute's purpose." *Mich Basic Prop Ins Ass'n*, 288 Mich App at 560 (quotation marks and citation omitted). Statutes that address the same subject matter or share a common purpose are *in pari materia* and must be read collectively as one law, even when there is no reference to one another. *Maple Grove Twp v Misteguay Creek Intercounty Drain Bd*, 298 Mich App 200, 212; 828 NW2d 459 (2012). The trial court's factual findings are reviewed for clear error, and its legal conclusions are reviewed de novo. *In re Receivership*, 492 Mich at 218. Application of the law to the facts presents a question of law subject to review de novo. *Miller-Davis Co v Ahrens Constr, Inc*, 285 Mich App 289, 299; 777 NW2d 437 (2009) rev'd on other grounds 489 Mich 355 (2011).

MCL 722.27b governs grandparenting time and provides in relevant part:

> (1) A child's grandparent may seek a grandparenting time order under 1 or more of the following circumstances:
>
> (a) An action for divorce, separate maintenance, or annulment involving the child's parents is pending before the court.
>
> (b) The child's parents are divorced, separated under a judgment of separate maintenance, or have had their marriage annulled.

(c) The child's parent who is a child of the grandparents is deceased.

(d) The child's parents have never been married, they are not residing in the same household, and paternity has been established by the completion of an acknowledgment of parentage under the acknowledgment of parentage act, 1996 PA 305, MCL 722.1001 to 722.1013, by an order of filiation entered under the paternity act, 1956 PA 205, MCL 722.711 to 722.730, or by a determination by a court of competent jurisdiction that the individual is the father of the child.

(e) Except as otherwise provided in subsection (13), legal custody of the child has been given to a person other than the child's parent, or the child is placed outside of and does not reside in the home of a parent.

(f) In the year preceding the commencement of an action under subsection (3) for grandparenting time, the grandparent provided an established custodial environment for the child as described in [MCL 722.27], whether or not the grandparent had custody under a court order.

*  *  *

(3) A grandparent seeking a grandparenting time order shall commence an action for grandparenting time, as follows:

(a) If the circuit court has continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a motion with the circuit court in the county where the court has continuing jurisdiction.

(b) If the circuit court does not have continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a complaint in the circuit court for the county where the child resides.

(4) All of the following apply to an action for grandparenting time under subsection (3):

(a) The complaint or motion for grandparenting time filed under subsection (3) shall be accompanied by an affidavit setting forth facts supporting the requested order. The grandparent shall give notice of the filing to each person who has

legal custody of, or an order for parenting time with, the child. A party having legal custody may file an opposing affidavit. A hearing shall be held by the court on its own motion or if a party requests a hearing. At the hearing, parties submitting affidavits shall be allowed an opportunity to be heard.

(b) In order to give deference to the decisions of fit parents, it is presumed in a proceeding under this subsection that a fit parent's decision to deny grandparenting time does not create a substantial risk of harm to the child's mental, physical, or emotional health. To rebut the presumption created in this subdivision, a grandparent filing a complaint or motion under this section must prove by a preponderance of the evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health. If the grandparent does not overcome the presumption, the court shall dismiss the complaint or deny the motion.

(c) If a court of appellate jurisdiction determines in a final and nonappealable judgment that the burden of proof described in subdivision (b) is unconstitutional, a grandparent filing a complaint or motion under this section must prove by clear and convincing evidence that the parent's decision to deny grandparenting time creates a substantial risk of harm to the child's mental, physical, or emotional health to rebut the presumption created in subdivision (b).

(5) If 2 fit parents sign an affidavit stating that they both oppose an order for grandparenting time, the court shall dismiss a complaint or motion seeking an order for grandparenting time filed under subsection (3). This subsection does not apply if 1 of the fit parents is a stepparent who adopted a child under the Michigan adoption code, chapter X of the probate code of 1939, 1939 PA 288, MCL 710.21 to 710.70, and the grandparent seeking the order is the natural or adoptive parent of a parent of the child who is deceased or whose parental rights have been terminated.

(6) If the court finds that a grandparent has met the standard for rebutting the presumption described in subsection (4), the court shall consider whether it is in the best interests of the child to enter an order for grandparenting

time. If the court finds by a preponderance of the evidence that it is in the best interests of the child to enter a grandparenting time order, the court shall enter an order providing for reasonable grandparenting time of the child by the grandparent by general or specific terms and conditions. In determining the best interests of the child under this subsection, the court shall consider all of the following:

(a) The love, affection, and other emotional ties existing between the grandparent and the child.

(b) The length and quality of the prior relationship between the child and the grandparent, the role performed by the grandparent, and the existing emotional ties of the child to the grandparent.

(c) The grandparent's moral fitness.

(d) The grandparent's mental and physical health.

(e) The child's reasonable preference, if the court considers the child to be of sufficient age to express a preference.

(f) The effect on the child of hostility between the grandparent and the parent of the child.

(g) The willingness of the grandparent, except in the case of abuse or neglect, to encourage a close relationship between the child and the parent or parents of the child.

(h) Any history of physical, emotional, or sexual abuse or neglect of any child by the grandparent.

(i) Whether the parent's decision to deny, or lack of an offer of, grandparenting time is related to the child's well-being or is for some other unrelated reason.

(j) Any other factor relevant to the physical and psychological well-being of the child.

(7) If the court has determined that a grandparent has met the standard for rebutting the presumption described in subsection (4), the court may refer that grandparent's complaint or motion for grandparenting time filed under subsection (3) to alternative dispute resolution as provided by supreme court rule. If the complaint or motion is referred to the friend of the court for alternative dispute resolution and no settlement is reached through friend of

the court alternative dispute resolution within a reasonable time after the date of referral, the complaint or motion shall be heard by the court as provided in this section.

*   *   *

(12) A court shall make a record of its analysis and findings under subsections (4), (6), (8), and (11), including the reasons for granting or denying a requested grandparenting time order.

(13) Except as otherwise provided in this subsection, adoption of a child or placement of a child for adoption under the Michigan adoption code, chapter X of the probate code of 1939, 1939 PA 288, MCL 710.21 to 710.70, terminates the right of a grandparent to commence an action for grandparenting time with that child. Adoption of a child by a stepparent under the Michigan adoption code, chapter X of the probate code of 1939, 1939 PA 288, MCL 710.21 to 710.70, does not terminate the right of the parent of a deceased parent of the child to commence an action for grandparenting time with that child.

At the conclusion of the testimony,[3] the trial court held that MCL 722.27b(4)(b) provided that deference

---

[3] In the present case, there were four days of evidentiary hearings. During those hearings, the parties disputed the minor child's growth, development, and whether the minor child was abused before coming into the care of the guardian. McCallister alleged that the minor child was able to communicate, was seen by medical personnel, and was not, to her knowledge, abused. On the contrary, Tyndall testified that the minor child did not speak, ate with his hands and did not know how to use silverware, and expressed abuse at the hands of his biological father. McCallister acknowledged that DHS had previously investigated her home in light of allegations involving the provision of alcohol to minors and peeping by her husband at their daughter in the shower. McCallister further acknowledged that the minor child's father, her son, had been convicted of the sexual abuse of her stepson. However, McCallister noted that the DHS investigations had not resulted in the loss of her adult-foster-care license. A DHS worker, the minor child's guardian ad litem, and Tyndall asserted that the minor child's behavior and condition at the time he came into Tyndall's care coupled with the child's continued behavioral issues warranted termination of visitation with McCallister.

was to be given to the decision of a fit parent to deny grandparenting time, and it was presumed that the denial of grandparenting time "does not create a substantial risk of harm to the child's mental, physical, or emotional health." The trial court acknowledged that Tyndall was not a parent, but a guardian. Nonetheless, the trial court held that Tyndall had the right to make decisions as a fit parent, the right to deny grandparenting time, and that McCallister had failed to overcome the presumption.

The trial court's holding is contrary to the plain language of MCL 722.27b(4)(b). See *Whitman*, 493 Mich at 311. The text of MCL 722.27b contemplates that a minor child will be placed within the custody of an individual other than a parent. MCL 722.27b(1)(e) permits a grandparent to seek visitation when "legal custody of the child has been given to a person other than the child's parent, or the child is placed outside of and does not reside in the home of a parent." Despite the Legislature's acknowledgement that a child might be placed outside of a parental home, the plain language MCL 722.27b(4)(b) grants "fit parents" a presumption with regard to the denial of grandparenting time. The Legislature could have afforded a presumption to "custodians" or "guardians" of a grandchild, but did not include such language. We cannot read into a statute what the Legislature did not include, *In re Hurd-Marvin Drain*, 331 Mich at 509, and permitting guardians or custodians to derive the benefit of the fit-parent presumption would require us to rewrite the statute at issue.

---

The trial court did not make factual findings or address the credibility of the witnesses. Consequently, we are unable to review any factual findings and are limited to addressing the question of law—whether a guardian is entitled to the fit-parent presumption of MCL 722.27b(4)(b). See *In re Receivership*, 492 Mich at 218.

Tyndall contends that a guardianship encompasses parental responsibilities and, therefore, the trial court appropriately allowed the guardian to "step into the shoes" of the parent for purposes of MCL 722.27b(4)(b). MCL 700.5215 provides that "[a] minor's guardian has the powers and responsibilities of a parent who is not deprived of custody of the parent's minor and unemancipated child, except that a guardian is not legally obligated to provide for the ward from the guardian's own money and is not liable to third persons by reason of the parental relationship for the ward's acts."

Although MCL 700.5215 defines guardian's powers and responsibilities in terms of a parent's powers and responsibilities, that definition may not be incorporated into the provisions of MCL 722.27b(4)(b). The statutes fail to address the same subject matter, and they cannot be read *in pari materia*. See *Maple Grove Twp*, 298 Mich App at 212. More importantly, there are distinct differences between a parent and a guardian such that it would be inappropriate to read the term guardian into the text of the fit-parent presumption of MCL 722.27b(4)(b) in the absence of clear statutory language to that effect. See *Mich Basic Prop Ins Ass'n*, 288 Mich App at 560. Specifically, parents have a fundamental liberty interest in the care, custody, and control of their children. *In re Beck*, 488 Mich 6, 11; 793 NW2d 562 (2010). In contrast to this constitutional right, the purpose and legal effect of a guardianship is determined by statute. *Univ Ctr, Inc v Ann Arbor Pub Sch*, 386 Mich 210, 217; 191 NW2d 302 (1971). "A custody award to a third party ... represents a lesser intrusion into the family sphere. It does not result in an irrevocable severance of ... rights ...." *Hunter v Hunter*, 484 Mich 247, 269; 771 NW2d 694 (2009). The presumption favoring a fit parent reflects the elevated status of parents and parental rights. See *In re Beck*, 488 Mich at

11. Moreover, a fit parent has a relationship to the grandparents such that an informed decision may be made regarding the propriety of grandparent visitation. On the contrary, a guardian or custodian of a grandchild might or might not have a relationship with the grandparent, and, in the absence of a relationship, could not make an informed decision regarding the risk of harm to a child during visitation. Accordingly, the trial court erred by allowing a guardian to "step into the shoes" of a fit parent for purposes of MCL 722.27b(4)(b). Because the trial court did not make factual findings or credibility determinations in light of the testimony presented, we remand for additional proceedings consistent with this opinion.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

FORT HOOD, P.J., and FITZGERALD and RONAYNE KRAUSE, JJ., concurred.