# STATE OF MICHIGAN

# COURT OF APPEALS

SEJASMI INDUSTRIES, INC.,

        Plaintiff/Counter-Defendant-
        Appellee,

v

A+ MOLD, INC., doing business as TAKUMI
MANUFACTURING COMPANY,

        Defendant/Cross-Defendant,

and

QUALITY CAVITY, INC.,

        Defendant/Counter-Plaintiff/Cross-
        Plaintiff/Third-Party Plaintiff-
        Appellant,

and

NKL MANUFACTURING, INC.,

        Third-Party Defendant.

UNPUBLISHED
April 5, 2016

No. 328292
Macomb Circuit Court
LC No. 2014-004273-CB

Before: STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

HOEKSTRA, J., (*concurring in part and dissenting in part*).

I concur in the majority's conclusion that a fact question remains in terms of whether the molder's statement was properly served on the customer. However, I respectfully dissent from the majority's conclusion that a moldbuilder's lien may be discharged under MCL 445.619(5)(b) when a customer receives a verified statement from the molder that the molder has paid the customer. In my judgment, payment to a customer does not demonstrate that the molder "has paid the amount for which the lien is claimed" as that phrase is used in MCL 445.619. Therefore, I would hold that the verified statement in this case was deficient and did not discharge the liens under MCL 445.619(5)(b). For this reason, I would reverse the trial court and hold that Quality Cavity, Inc. has valid and enforceable liens on the molds in question.

-1-

In particular, this case asks us to decide what action is sufficient to extinguish a moldbuilder's lien under MCL 445.619(5)(b), which states: "The lien remains valid until the first of the following events takes place . . . . (b) The customer receives a verified statement from the molder that the molder has paid the amount for which the lien is claimed." As evident from the statute's plain language, to discharge a lien under this provision, a verified statement must state that "the molder has paid the amount for which the lien is claimed." As most basically defined, "paid" is the past tense of "pay," which means "to make due return for services rendered or property delivered" or "to discharge indebtedness." *Merriam-Webster's Collegiate Dictionary* (2014).

Consequently, it is clear from the plain statutory language that the verified statement must report a discharge of indebtedness and, in particular, a discharge of "the amount for which the lien is claimed." Read in isolation, it might be supposed that "the amount" is simply a monetary figure, payable to anyone at all, including the customer. However, when engaging in statutory interpretation, provisions cannot be read in isolation. *Lafarge Midwest, Inc v Detroit*, 290 Mich App 240, 251; 801 NW2d 629 (2010). Rather, we "must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541; 840 NW2d 743 (2013) (citation omitted). Therefore, to ascertain what is meant by "the amount for which the lien is claimed," it is appropriate to turn to MCL 445.619(3), which states, in relevant part, that "[t]he amount of the lien is the amount that a customer or molder owes the moldbuilder for the fabrication, repair, or modification of the die, mold, or form." In other words, "the amount" is statutorily defined as the amount *owed to the moldbuilder*. It follows that, to discharge a debt owing to the moldbuilder, payment must be made to the moldbuilder. Thus, reading MCL 445.619(5) together with MCL 445.619(3), it is plain that to have "paid the amount" in question, payment must have been made to the moldbuilder, i.e., the party to whom the debt is owed. Conversely, a verified statement that the molder gave money to the customer is not a statement that "the amount" owed to the moldbuilder under MCL 445.619(3) has been "paid."

In this case, the molder's statement reported nothing more than payment to the customer. Because payment to a customer is not payment of the amount owed to the moldbuilder, in my judgment, this verified statement was deficient and did not extinguish the moldbuilder's liens under MCL 445.619(5)(b). Consequently, I would reverse the trial court.


/s/ Joel P. Hoekstra

-2-