# Court of Appeals, State of Michigan

## ORDER

In re Attia Estate

Docket No. 327925

LC No. 14-801279-DE

Kathleen Jansen
Presiding Judge

William B. Murphy

Michael J. Riordan
Judges

The Court orders that the October 10, 2016 opinion is hereby AMENDED to correct a clerical error. The opinion is corrected to read November 10, 2016 as the date of the opinion.

In all other respects, the opinion remains unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

NOV 14 2016

Date

Chief Clerk

*In re* Estate of SABRY MOHAMED ATTIA.

MAYSSA ATTIA, Personal Representative, and
MONA NOUR EL DEEN,

        Appellees,

v

MERVAT HASSAN,

        Appellant.

FOR PUBLICATION
October 10, 2016
9:10 a.m.

No. 327925
Wayne Probate Court
LC No. 14-801279-DE

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

JANSEN, P.J.

Appellant appeals as of right the probate court orders dismissing her petition to determine whether an unsigned will may be admitted to probate and granting summary disposition in favor of appellee Mayssa Attia (appellee Mayssa). We reverse and remand for further proceedings consistent with this opinion.

The sole issue presented on appeal is whether a decedent must sign a will in order for that will to be admitted to probate. The decedent in the instant case died on September 11, 2014. The decedent had four children: appellant, appellee Mayssa, appellee Mona El Deen, and Madiha Fields (formerly known as Madiha Attia). The decedent executed a will on July 8, 1986, and executed codicils to the will on February 17, 2009, and February 1, 2013. The July 1986 will provided that appellant and El Deen were "happily married" and that the decedent would "not designate anything for them because they are not in need." The first codicil provided for additional devises to El Deen and stated, "I recognize that I have not designated any specific gift for my other daughter, Mervat A. Hassan, because I believe that she has been adequately provided for and is not in need." Appellee Mayssa was appointed personal representative of the decedent's estate following his death, and she filed a petition to probate the July 1986 will and subsequent codicils.

Appellant filed an objection to the probate of the July 1986 will and subsequent codicils, as well as a petition to admit an unsigned will to probate. Appellant contended that the decedent changed his estate plan during a meeting with his attorney, Barbara Rende, before his death, and

he directed Rende to draft a new will. According to appellant, "others were present with attorney Rende, and/or Sabry M. Attia simultaneously told others of his intention to execute a new Last Will and Testament and the provisions." Appellant contended that Rende drafted a new will and arranged for the execution of the will on September 11, 2014, the same day the decedent died. The probate court decided that it would first determine the legal issue whether an unsigned will may be admitted to probate. Appellant subsequently filed a petition to determine whether an undated, unsigned will may be admitted to probate, contending that, although MCL 700.2502 requires that a will be signed, MCL 700.2503 provides an exception to the signature requirement if the proponent of the will establishes by clear and convincing evidence that the decedent intended for the document to constitute his will. Appellee Mayssa filed a motion for summary disposition, contending that the July 1986 will and corresponding codicils should be admitted to probate and that the court should dismiss the petition to admit the unsigned September 2014 will to probate. The court held a hearing and decided the issue as follows:

> Well the Michigan statute is based on the Uniform Probate Code, which relates to fixing harmless error and our statute is no different.

> If the [L]egislature wanted to permit an unsigned Will to be permitted [sic], then I think the statute would say, although a document was not executed, or was not executed in compliance with the statute then that would have been more appropriate language.

> I think that the language in 2503, relates to a document which is executed but is flawed in its execution.

> The only case that we have, which is cited in the Federer's notes is the case out of, I believe it was Australia, where a husband and wife signed Wills, but they signed the wrong Wills and Australia accepted that as a [sic] execution of some sort, but faulty execution.

> So, I think it's a bright line rule in Michigan and I certainly welcome the Court of Appeals to address it. So I am going to grant Summary Disposition.

The probate court subsequently entered orders denying the petition to determine whether an unsigned will may be admitted to probate and granting summary disposition in favor of appellee Mayssa. The court entered an order formally admitting the July 1986 will and corresponding codicils to probate. The probate court also denied a motion that appellant filed for an order waiving the attorney-client privilege and for production of Rende's attorney files, notes, correspondence, drafts, and all materials regarding the decedent.

Appellant argues that the probate court erred by concluding that an unsigned will cannot be admitted to probate as a matter of law. We agree.

We review de novo a probate court's decision regarding a motion for summary disposition. *In re Casey Estate*, 306 Mich App 252, 256; 856 NW2d 556 (2014). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the claim as pleaded, and all factual

allegations and reasonable inferences supporting the claim are taken as true." *Id*. In addition, we review de novo issues of statutory interpretation. *Id*.

The Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq*., governs this case. The provisions in EPIC are to be construed liberally and applied to promote its purposes and policies, including "[t]o discover and make effective a decedent's intent in distribution of the decedent's property." MCL 700.1201(b). EPIC permits the admission of extrinsic evidence in order to determine whether the decedent intended a document to constitute his or her will. *In re Estate of Smith*, 252 Mich App 120, 125; 651 NW2d 153 (2002). MCL 700.2502 outlines the requirements for a valid will and provides:

> (1) Except as provided in subsection (2) and in [MCL 700.2503, MCL 700.2506, and MCL 700.2513], a will is valid only if it is all of the following:
>
> (a) In writing.
>
> (b) Signed by the testator or in the testator's name by some other individual in the testator's conscious presence and by the testator's direction.
>
> (c) Signed by at least 2 individuals, each of whom signed within a reasonable time after he or she witnessed either the signing of the will as described in subdivision (b) or the testator's acknowledgment of that signature or acknowledgment of the will.
>
> (2) A will that does not comply with subsection (1) is valid as a holographic will, whether or not witnessed, if it is dated, and if the testator's signature and the document's material portions are in the testator's handwriting.
>
> (3) Intent that the document constitutes a testator's will can be established by extrinsic evidence, including, for a holographic will, portions of the document that are not in the testator's handwriting.

MCL 700.2503 provides the following exception to the execution requirements described in MCL 700.2502:

> Although a document or writing added upon a document was not executed in compliance with [MCL 700.2502], the document or writing is treated as if it had been executed in compliance with that section if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute any of the following:
>
> (a) The decedent's will.
>
> (b) A partial or complete revocation of the decedent's will.
>
> (c) An addition to or an alteration of the decedent's will.

-3-

(d) A partial or complete revival of the decedent's formerly revoked will or of a formerly revoked portion of the decedent's will.

The parties dispute whether the plain language of MCL 700.2503 permits a document to be admitted to probate as a will when the testator has not signed the document. The following statutory interpretation principles apply in this case:

> "The judiciary's objective when interpreting a statute is to discern and give effect to the intent of the Legislature. First, the court examines the most reliable evidence of the Legislature's intent, the language of the statute itself. When construing statutory language, [the court] must read the statute as a whole and in its grammatical context, giving each and every word its plain and ordinary meaning unless otherwise defined. Effect must be given to every word, phrase, and clause in a statute, and the court must avoid a construction that would render part of the statute surplusage or nugatory. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." [*In re Jajuga Estate*, 312 Mich App 706, 712; 881 NW2d 487 (2015) (citation omitted; alteration in original).]

The plain language of MCL 700.2503 establishes that it permits the probate of a will that does not meet the requirements of MCL 700.2502. One of the requirements of MCL 700.2502 is that the document must be "[s]igned by the testator or in the testator's name by some other individual in the testator's conscious presence and by the testator's direction." MCL 700.2502(1)(b). Accordingly, a will does not need to be signed in order to be admitted to probate under MCL 700.2503, as long as the proponent of the will establishes by clear and convincing evidence that the decedent intended the document to be a will. To hold otherwise would render MCL 700.2503 inapplicable to the testamentary formalities in MCL 700.2502, which is contrary to the plain language of the statute. Therefore, MCL 700.2503 permits the admission of a will to probate that does not meet the signature requirement in MCL 700.2502(1)(b), as long as the proponent establishes by clear and convincing evidence that the decedent intended the document to be a will.

Although no case in Michigan directly addresses the question of law presented in this case, we find persuasive a Superior Court of New Jersey, Appellate Division, decision concluding that a New Jersey statute containing nearly identical language permits the probate of a will without a signature, provided that the proponent of the will establishes by clear and convincing evidence that the decedent intended for the document to constitute his or her will. In *In re Probate of Will & Codicil of Macool*, 416 NJ Super 298, 303-304; 3 A3d 1258 (NJ App, 2010), the decedent had previously executed a will and codicil. Years later, the decedent went to her lawyer's office intending to change her will. *Id*. at 304. She gave her attorney a handwritten note containing the changes she wished to be made to her will, and the attorney drafted a new will. *Id*. at 304-305. The decedent died before she was able to review the draft will. *Id*. at 305. The lower court took testimony regarding the issue and concluded that the proponent of the will failed to establish by clear and convincing evidence that the decedent intended the particular draft will to constitute her will. *Id*. at 306. The lower court added that the will had to be executed or signed by the testator. *Id*. at 306-307.

-4-

The New Jersey Superior Court, Appellate Division, held that the proponent of the document failed to establish by clear and convincing evidence that the decedent intended the "rough draft" document to constitute her will. *Id.* at 309. Relevant to this case, the court clarified that a will does not need to be signed by the testator in order for the will to be admitted to probate. *Id.* at 311. The court reasoned that to hold otherwise would render the savings provision inapplicable to the testamentary formalities. *Id.* *Macool* is persuasive because the *Macool* court established that a will does not need to be signed by the decedent in order for the will to be admitted to probate. See *id.* Therefore, *Macool* supports appellant's position that the probate court must permit the parties to conduct discovery regarding whether the decedent intended the document to constitute his will.

For the reasons discussed, we conclude that MCL 700.2503 permits the probate court to admit a will without a signature to probate if the proponent of the will establishes, by clear and convincing evidence, that the decedent intended the document to constitute his or her will. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan