# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF JANET KAPP.

---

MILA KAPUSTA and BONNIE PENTA,

      Appellants,

v

JANET LORRAINE KAPP and SANDRA KAPP,

      Appellees,

and

MILAN KAPP and THOMAS BRENNAN
FRASER,

      Other parties.

UNPUBLISHED
October 18, 2018

No. 341871
Oakland Probate Court
LC No. 2017-380134-DA

---

Before: SHAPIRO, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Appellant Mila Kapusta (Mila) was the decedent's nominated personal representative under the terms of her will. The probate court declined to appoint Mila as the personal representative because it believed that there were no assets in the decedent's estate. Mila and her sister Bonnie Penta (appellants) appeal that decision. We reverse and remand.

## I. BACKGROUND

Janet Lorraine Kapp (Lorrie) and Mila are both daughters of the decedent. After their mother's death, Lorrie filed a petition asking the probate court to appoint Thomas Fraser as personal representative of the decedent's estate and to appoint a special personal representative pending the appointment of a personal representative. Fraser was the decedent's guardian and conservator and was also serving in that capacity for the decedent's surviving spouse. At the

-1-

hearing to address the appointment of a special personal representative,[1] it was established that the decedent's will nominated Mila to serve as personal representative. The probate court denied the request for the appointment of a special personal representative.

Mila then filed a petition to be appointed as the personal representative. At the hearing scheduled to address the competing petitions, Lorrie and the decedent's spouse raised concerns regarding Mila's suitability. Conservator Fraser argued that there was no purpose in appointing a personal representative because there was not "anything left" in the estate. Alternatively, Fraser believed that, at the very least, the probate court should wait to determine whether a personal representative was necessary until after he filed his final accounting as the decedent's conservator. Mila's counsel disputed that the estate contained no assets and advised the court that there were possible causes of action to be brought on the decedent's behalf. Ultimately, after back and forth discussions regarding the existence of estate assets, the probate court concluded: "Okay. I'm just going to make my decision. I'm tired of going around in circles with you. I'm denying the petition to appoint a personal representative. There are no—there are currently no assets to be distributed. That's my decision." The probate court then entered an order denying all pending petitions for the appointment of a personal representative.

Appellants then filed a claim of appeal. The probate court continued to hold proceedings and enter orders in the probate file, which appellants objected to on the basis that the court lacked jurisdiction to take such actions after the filing of the appeal. We granted appellants' motion for an expedited appeal.[2]

## II. ANALYSIS

Appellants first contend that the probate court erred in declining to appoint a personal representative based upon its belief that there were no assets in the estate to probate. We agree.

"We review a probate court's appointment or removal of a fiduciary for an abuse of discretion." *In re Conservatorship of Shirley Bittner*, 312 Mich App 227, 235; 879 NW2d 269 (2015). "A probate court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Redd Guardianship*, 321 Mich App 398, 403; 909 NW2d 289 (2017) (quotation marks and citation omitted). We review a probate court's factual findings for clear error. *Id*. We review de novo issues of statutory interpretation. *In re Estate of Attia*, 317 Mich App 705, 709; 895 NW2d 564 (2016).

### A. APPOINTMENT OF PERSONAL REPRESENTATIVE

---

[1] The hearing also concerned the parties' dispute over the decedent's autopsy. We note that the probate court entered numerous orders pertaining to the decedent's autopsy and funeral arrangements. Because appellants are not appealing any of those orders, we will generally avoid discussion of those matters except when relevant to appellants' arguments on appeal.

[2] *In re Kapp Estate*, unpublished order of the Court of Appeals, entered August 22, 2018 (Docket No. 341871).

Article III of the Estates and Protected Individuals Code, MCL 700.3101 *et seq.*, governs the probate and administration of wills. MCL 700.3414 governs formal proceedings concerning the appointment of personal representatives and provides that after notice to all interested persons, "the court shall determine who is entitled to appointment under section 3203." MCL 700.3414(4). MCL 700.3203 provides for the priority of persons seeking appointment as the decedent's personal representative. The statute provides that a person nominated to act as the personal representative in the will, unless disqualified, is first in priority:

> (1) For either formal or informal proceedings, subject to subsection (2), persons who are not disqualified have priority for appointment as personal representative in the following order:
>
> (a) The person with priority as determined by a probated will including a person nominated by a power conferred in a will. [MCL 700.3203(1)(a).]

Thus, the person nominated in the decedent's will always has priority unless he or she is shown to be "disqualified" or a specified exception applies.[3]

MCL 700.3203(2) sets forth the two exceptions under which a decedent's nominee, though qualified, may not be appointed:

> (2) An objection to the appointment of a personal representative may be made only in a formal proceeding. If an objection is made, the priorities prescribed by subsection (1) apply except in either of the following circumstances:
>
> (a) If the estate appears to be more than adequate to meet exemptions and costs of administration but inadequate to discharge anticipated unsecured claims, on petition of creditors, the court may appoint any qualified person.
>
> (b) If a devisee or heir who appears to have a substantial interest in the estate objects to the appointment of a person whose priority is not determined by will, the court may appoint a person who is acceptable to the devisees and heirs whose interests in the estate appear to be worth in total more than 1/2 of the

---

[3] It is clear that in adopting MCL 700.3203, the Legislature chose to respect a decedent's decision regarding the administrator of his or her estate except in specified circumstances. Indeed, EPIC "shall be liberally construed and applied to promote its underlying purposes and policies," which includes discovering and effectuating the decedent's intent. MCL 700.1201(b). This is consistent with the well-established rule that courts should effectuate the testator's intent. *In re Kremlick Estate*, 417 Mich 237, 240; 331 NW2d 228 (1983) ("A fundamental precept which governs the judicial review of wills is that the intent of the testator is to be carried out as nearly as possible."); *In re Butterfield's Estate*, 405 Mich 702, 711; 275 NW2d 262 (1979) ("The primary duty of any court faced with the task of resolving a disputed testamentary disposition is to effectuate as nearly as possible the intention of the testator.").

probable distributable value or, if no person is acceptable to these devisees and heirs, any suitable person.  [MCL 700.3203(2)(a)-(b).]

The exception in subsection (a) is not at issue here.  And the exception in subsection (b) does not apply because decedent's will nominated a personal representative and the exception is applicable only when a devisee or heir objects "to the appointment of a person whose priority is *not* determined by will . . . ."  MCL 700.3203(2)(b) (emphasis added).  Since neither of these exceptions applies, Mila had priority for appointment so long as she was not "disqualified."  MCL 700.3203(1).  Disqualification is governed by MCL 700.3204, which provides that "[a] person is not qualified to serve as a personal representative if the person is either under the age of 18 *or is a person whom the court finds unsuitable in formal proceedings.*"  MCL 700.3204(3) (emphasis added).

In this case, although Lorrie and the surviving spouse raised concerns regarding Mila's suitability, the probate court did not find her unsuitable and did not disqualify her from serving as the personal representative.  Instead, the court concluded that the appointment of a personal representative was unnecessary because there were no assets in the estate to probate.  In doing so, however, the probate court did not cite statutory authority that allows a court to deny the appointment of a nominated personal representative on those grounds.  To the contrary, a court rule provides that personal representatives do not need to provide notice to creditors when "[t]he estate has no assets[.]"  MCR 5.208(D)(3)(a).  It follows that personal representatives can be appointed even when the estate has no assets.[4]

The probate court appears to have concluded that it could make the necessary rulings concerning estate matters without the appointment of a personal representative.  However, a court's subjective view that it can address estate issues without the appointment of a personal representative is not relevant and is not provided for by EPIC.  When the appointment of a personal representative is sought and contested, the court is required to determine the priority and qualification of a nominated personal representative and make an appointment.  Thus, in the absence of finding Mila unsuitable to serve as a personal representative, the probate court abused its discretion in not appointing her to that position.  See *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012) ("A court by definition abuses its discretion when it makes an error of law.").

---

[4] Further, the probate court's finding that there were no assets in the estate was clearly erroneous.  It was undisputed that jewelry and funds existed that properly belonged to the estate.  The record indicates that the issue was not so much that there were no assets, but that the will expressly provided for the distribution of all existing assets, with the implication being that there was no need for a personal representative.  However, the distribution of decedent's estate in accordance with a probated will is one of a personal representative's express duties.  MCL 700.3703(1).  Therefore, to the extent that the probate court denied the appointment because the will provided for the distribution of all the estate's assets, this was not a reasonable outcome.

## B. JURISDICTION

Appellants also argue that the probate court was deprived of jurisdiction to resolve estate matters following the filing of her claim of appeal. MCL 600.867(1) provides:

> (1) After an appeal of right from a judgment or order of the probate court is filed with the court of appeals and notice of the appeal is filed with the probate court, all further proceedings in pursuance of the judgment, order, or sentence, appealed from are stayed for a period of 21 days or, if a motion for stay pending appeal is granted, until the appeal is determined, except as provided in subsection (2), section 65(2) of chapter X of the probate code of 1939, 1939 PA 288, MCL 710.65, or supreme court rule.

Appellants appealed from the order denying Mila's petition to be appointed personal representative.[5] In the following 21 days, the probate court held a hearing to address an emergency motion filed by Fraser, the decedent's conservator and guardian. The probate court then, on its own motion, entered an order appointing Fraser as a special personal representative for the limited purpose of assisting the West Bloomfield Police Department in any investigation relating to the decedent's death. The court also entered an order relating to the decedent's funeral expenses.

With that in mind, we conclude that in the 21 days following appellants' claim of appeal the probate court did not conduct proceedings that were in *furtherance* of its decision to deny an appointment of a personal representative. Specifically, while the manner in which the court ruled on the seemingly constant disputes over the decedent's funeral arrangements is questionable,[6] we do not see how the court was divested of jurisdiction over those matters by the filing of the appeal. Further, we note that a probate court may appoint a special personal representative on its own motion, MCL 700.3614(b), and that the court appointed Fraser as a special personal representative for a limited purpose, not as a general personal representative. These actions were not barred by MCL 600.867(1).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

---

[5] While the order appealed from resolved other matters than the appointment of a personal representative, MCL 600.867's stay applies only to the specific order appellants are contesting. *Comerica Bank v City of Adrian*, 179 Mich App 712, 727; 446 NW2d 553 (1989).

[6] See MCL 700.3206, MCL 700.3206a, MCL 700.3206b, and MCL 700.3207 (governing matters concerning funeral arrangements).