*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ESTATE OF JOEL SOLOMON WEINGRAD

---

CONSTANCE L. JONES, Personal Representative
of the ESTATE OF JOEL SOLOMON
WEINGRAD, and BARBARA L. ROTH,

      Appellees,

v

PERI ROANNE WEINGRAD,

      Appellant.

UNPUBLISHED
December 17, 2019

Nos. 343398; 345939
Washtenaw Probate Court
LC No. 15-000890-DE

---

Before: LETICA, P.J., and GADOLA and CAMERON, JJ.

PER CURIAM.

In Docket No. 343398, appellant, Peri Weingrad, proceeding *in propria persona*, appeals as of right the probate court's March 27, 2018 order approving fiduciary fees and attorney fees with respect to the estate of Weingrad's father, decedent Joel Solomon Weingrad. In Docket No. 345939, appellant appeals as of right the probate court's September 24, 2018 order approving the personal representative's second account and authorizing payment of claims.[1]

## I. BACKGROUND

Decedent died intestate on June 17, 2015. Following his death, appellant filed an application for informal probate and sought to be appointed the personal representative of the estate. Appellant's two surviving siblings objected, and the court appointed appellee Constance

---

[1] We granted appellant's motion to consolidate these two appeals. *In re Weingrad Estate*, unpublished order of the Court of Appeals, entered February 19, 2019 (Docket Nos. 343398 and 345939).

L. Jones as the personal representative and entered an order of formal supervised administration of the estate. The sole asset of the estate was a condemned house and real property in Ann Arbor, which was allegedly encumbered by liens, including a 1990 mortgage and promissory note from decedent to his parents and the lien of Barbara L. Roth. While the probate case was pending, appellant filed a separate complaint in November 2016 in Washtenaw Circuit Court alleging that she held a mortgage and promissory note on decedent's home. Appellant sought to foreclose on the property and quiet title in her name. The circuit court property dispute was transferred to the probate court and consolidated with the estate proceedings.

On February 16, 2017, the probate court entered an order allowing the property to be sold free and clear of encumbrances and ordered that the proceeds from the sale could not be distributed until appellant's forfeiture action concluded. On August 8, 2017, the probate court entered an order concluding that appellant had not shown that she was entitled to enforce the note and mortgage, which decedent had actually given to his parents. The probate court held that appellant failed to demonstrate that she had acquired any rights under the note and mortgage. Accordingly, the probate court rejected appellant's request to foreclose and to quiet title to the property in her name. We dismissed appellant's claim of appeal from the August 8, 2017 order for lack of jurisdiction because she failed to timely file it. *In re Weingrad Estate*, unpublished order of the Court of Appeals, entered October 20, 2017 (Docket No. 340452). The probate court did not dispose of any cross- or third-party claims made by Roth in the forfeiture action at that time. On October 26, 2017, the probate court granted a default judgment in favor of Roth on the claims made in her cross- and third-party complaints. Appellant was not a cross- or third-party defendant to any of Roth's claims. We dismissed appellant's appeal of the October 26, 2017 order under MCR 7.211(C)(2) "for the reason that the appeal is not within the Court of Appeals jurisdiction because appellant is not an aggrieved party to the October 26, 2017 default judgment." *In re Weingrad Estate*, unpublished order of the Court of Appeals, issued December 13, 2017 (Docket No. 341107).[2]

After the sale of the property closed on December 15, 2017, the personal representative filed a petition for approval of fiduciary fees and appellate attorney fees and requested that the appellate attorney fees be paid by appellant because the fees were necessitated by her actions and not the actions of the estate beneficiaries. On March 27, 2018, the probate court approved the fiduciary fees and the fees incurred by the appellate attorney with respect to appellant's two applications for leave to appeal in this Court, and ordered that appellant pay the fees for the appellate attorney and the first $10,000 of the fiduciary fees out of her share of the proceeds. On September 24, 2018, the probate court approved the personal representative's second account and approved a supplemental claim for appellate attorney fees related to the defense of appellant's application for leave to appeal in the Supreme Court, as well as two claims of unsecured creditors that had been timely filed but had inadvertently been omitted from the first accounting.

---

[2] Appellant's application for leave to appeal in Docket No. 341107 was denied. *In re Weingrad Estate*, 502 Mich 903; 913 NW2d 288 (2018).

## II. ANALYSIS

### A. DOCKET NO. 334398

Appellant first raises a claim of judicial bias with respect to the August 8, 2017 order that disposed of her civil claim to foreclose on the mortgage and promissory note. Under MCR 5.801(A)(2)(*o*), the August 8, 2017 order was a final order. Appellant filed a claim of appeal from that order that we dismissed for lack of jurisdiction. *In re Weingrad Estate*, unpublished order of the Court of Appeals, entered October 20, 2017 (Docket No. 340452). We lack jurisdiction to consider this claim. Similarly, we lack jurisdiction over appellant's claim that the probate court did not have subject-matter jurisdiction with respect to the August 8, 2017 order.

Appellant also raises claims with respect to the February 16, 2017 order allowing the sale of the real property and the subsequent February 28, 2017 order allowing the sale to a different buyer under the same terms from the February 16 order. The probate court denied appellant's motion for reconsideration of the orders in its April 30, 2017 order. Under MCR 5.801(A)(2)(j), the February 16 order to sell the property involved the sale of an asset of the estate and was a final order. The claim of appeal with respect to the February 16 order was not timely filed as it was not filed within 21 days after entry of the April 30, 2017 order denying appellant's motion for reconsideration. MCR 7.204(A)(1)(b). Thus, we lack jurisdiction over the claims arising from the February 16, 2017 order.

Appellant next argues that the probate court lacked jurisdiction to assess sanctions against her under MCR 2.625(A)(2) and MCL 600.2591 because the civil action was still pending. She also argues that the probate court lacked jurisdiction to sanction her for costs incurred in the Court of Appeals. "Whether a court has subject-matter jurisdiction is a question of law reviewed de novo." *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

Here, the probate court also approved the personal representative's fiduciary fees and the appellate attorney fees under MCL 700.3720 and MCL 700.3715. MCL 700.3720 provides that "[i]f a personal representative or person nominated personal representative defends or prosecutes a proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate necessary expenses and disbursements including reasonable fees incurred." MCL 700.3715(1)(w) allows a personal representative, acting reasonably for the benefit of interested persons, to "[e]mploy an attorney to perform necessary legal services or to advise or assist the personal representative in the performance of the personal representative's administrative duties, even if the attorney is associated with the personal representative, and act[s] without independent investigation upon the attorney's recommendation. An attorney employed under this subdivision shall receive reasonable compensation for his or her employment."

Appellant does not dispute the court's award of fiduciary fees and attorney fees under MCL 700.3720 and MCL 700.3715(1)(w). Even assuming the probate court erred by finding an alternative reason to award appellate attorney fees under MCR 2.625(A)(2), the court's alternative reference to awarding the fees under MCR 2.625(A)(2) is of no consequence. See *Detroit Int'l Bridge Co v Commodities Export Co*, 279 Mich App 662, 668; 760 NW2d 565

(2008) ("we will not reverse a trial court if it reached the right result for an alternative reason."). Accordingly, appellant cannot demonstrate error.

## B. DOCKET NO. 345939

Appellant argues that the probate court judge was biased. Appellant's first claim of judicial bias pertains to the February 6, 2017 motion hearing and the resulting February 16, 2017 order allowing the real estate to be sold free and clear of liens. Under MCR 5.801(A)(2)(j), the February 16, 2017 order allowing the sale of an asset of the estate was a final order. As discussed above, we lack have jurisdiction to consider this issue because appellant did not file a claim of appeal within the initial 21-day period, MCR 7.204(A)(1); therefore, it is not timely under MCR 7.204(A).

Appellant's second claim of judicial bias pertains to her argument that the judge's "prejudgment of the case" during the February 6, 2017 hearing carried over to the March 9, 2018 hearing on the personal representative's petition for payment of fiduciary fees and attorney fees and the resulting order of March 27, 2018. Appellant has filed a separate claim of appeal from that order in Docket No. 343398. However, appellant has not raised a claim of bias with respect to the March 27, 2018 order. Rather, in the appeal of that order in Docket No. 343398, appellant raises an argument that the judge was biased with respect to the August 8, 2017 order entered in the foreclosure action. Thus, we also lack jurisdiction to consider this claim in Docket No. 345939.

Appellant's third claim of judicial bias involves the September 24, 2018 order approving $3,640 in legal fees incurred on behalf of the estate in responding to appellant's application for leave to appeal in the Supreme Court from our dismissal of her claim of appeal of the October 26, 2017 default judgment. We would have jurisdiction to consider this claim of judicial bias, but, because appellant failed to file a motion for disqualification below, this issue is unpreserved. See MCR 2.003(D)(1)(a); *Meagher v Wayne State Univ*, 222 Mich App 700, 726; 565 NW2d 401 (1997). In general, we will not review an issue that was not raised in the lower court. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). And, more specifically, we will not consider an unpreserved claim of judicial bias absent unusual circumstances. *Meagher*, 222 Mich App at 726. We do not find these unusual circumstances here as appellant has not demonstrated that the adverse rulings were the result of any impropriety or bias against her. See *In re Contempt of Henry*, 282 Mich App 656, 680; 765 NW2d 44 (2009) ("The mere fact that a judge ruled against a litigant, even if the rulings are later determined to be erroneous, is not sufficient to require disqualification[.]").

Appellant next raises a claim pertaining to the October 26, 2017 default judgment. We previously dismissed appellant's appeal of the October 26, 2017 default judgment because she was not an aggrieved party. *In re Weingrad Estate*, unpublished order of the Court of Appeals, issued December 13, 2017 (Docket No. 341107). Thus, this claim is not properly before us.

Next, appellant argues that her claim for exempt property under MCL 700.2404 was improperly denied. We review issues of statutory interpretation de novo. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Under MCL 700.2404(1),[3] a decedent's surviving spouse, or if there is no surviving spouse, the decedent's children who are not excluded under MCL 700.2404(4), are entitled to household furniture, automobiles, furnishings, appliances, and personal effects from the estate up to a value not to exceed $10,000 more than the amount of any security interests to which the property is subject. "If encumbered assets are selected and the value in excess of security interests, plus that of other exempt property, is less than $10,000.00, or if there is not $10,000.00 worth of exempt property in the estate, the spouse or children who are not excluded under subsection (4) are entitled to other assets of the estate, if any, to the extent necessary to make up the $10,000.00 value." MCL 700.2404(2). A decedent's child has a right to claim exempt property. *In re Jajuga Estate*, 312 Mich App 706, 719; 881 NW2d 487 (2015).

Appellant argues that MCL 700.2404 imposes no procedural or time limitations on the right to claim exempt property and that the probate court erred by finding that appellant's claim was untimely. However, the estate had no exempt assets under § 2404(1), and, after the payment of the two unsecured claims, the estate had sufficient assets to make up a deficiency of exempt property under § 2404(2). In other words, the estate had assets available for distribution to the heirs in an amount greater than the statutory exemption of $10,000 set forth in MCL 700.2404. The disallowance of a claim for exempt property therefore had no effect on the amount of money remaining in the estate for distribution to the heirs. Consequently, any error in disallowing the claim for exempt property was harmless.

Lastly, appellant argues she was denied due process of law when the probate court approved the personal representative's first and second account without allowing her to read her objections on the record under MCR 5.310(2)(c). We interpret court rules de novo. *In re Burnett Estate*, 300 Mich App 489, 494; 834 NW2d 93 (2013). The principles of statutory interpretation apply to the interpretation and application of court rules. *Haliw v Sterling Hts*, 471 Mich 700, 704-705; 691 NW2d 753 (2005). Accordingly, the interpretation of court rules begins with the language of the rules at issue. *Id*. at 705. "Court rules are to be interpreted to give effect to the intent of the Supreme Court, the drafter of the rules." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 21; 777 NW2d 722 (2009). We enforce clear language as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012).

MCR 5.310(C)(2)(c), titled "Contents," as in effect at the time of the September 24, 2018 order at issue,[4] stated:

---

[3] MCL 700.2404 was amended by 2018 PA 143, effective August 8, 2018.

[4] MCR 5.310 was amended March 20, 2019, effective May 1, 2019. 503 Mich cxl (2019). According to the staff comment to the 2019 amendment, the amendments to MCR 5.310 and several other court rules were "an expected progression necessary for design and implementation of the statewide electronic-filing system."

All accountings must be itemized, showing in detail receipts and disbursements during the accounting period, unless itemization is waived by all interested persons. A written description of services performed must be included or appended regarding compensation sought by a personal representative. This description need not be duplicated in the order. The accounting must include notice that (i) objections concerning the accounting must be brought to the court's attention by an interested person because the court does not normally review the accounting without an objection; (ii) interested persons have a right to review proofs of income and disbursements at a time reasonably convenient to the personal representative and the interested person; (iii) interested persons may object to all or part of an accounting by filing an objection with the court before allowance of the accounting; and (iv) if an objection is filed and not otherwise resolved, the court will hear and determine the objection.

The above rule clearly addresses only what information the accounting must include, not the manner in which an objection must be raised. It is specifically headed with the word "Contents" and is intended merely to direct the preparer of the accounting of the necessary inclusions. In any event, it is implicit in the term "filing" used in the rule that objections should be in writing. This is particularly true given that the form for the second account, which appellant received, specified that any interested persons could "object to all or part of an account by filing a written objection with the court before the court allows the account." Thus, the probate court did not err when it required appellant to submit her objections in writing.

Moreover, the court is required to hold a hearing where there is an unresolved objection. MCR 5.310(C)(2)(c)(*iv*). Here, appellant argued at the hearing that she wanted to state her objections by reading them into the record to insure that they were on the record. She also stated that "we can decide whether I have the right to do that, or whether we would simply agree to look at what I've written." Appellant did not object when the court stated it was suspending oral argument and would issue a written opinion. Appellant does not dispute that the court reviewed her written objections and addressed the objections by way of a written order before allowing the accounting. "[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *In re Adams Estate*, 257 Mich App 230, 234; 667 NW2d 904 (2003) (quotation marks and citations omitted). Appellant has not identified any new objections that she would have raised at the hearing. Rather, appellant disagrees with the probate court's determination of the objections. Under these circumstances, appellant has not shown that she was denied due process because the court did not allow her to read her objections into the record.

In conclusion, we affirm the probate court's March 27, 2018 order approving fiduciary and attorney fees in Docket No. 343398 and affirm the probate court's September 24, 2018 order approving second account and authorizing payment of claims in Docket No. 345939.

Affirmed.

/s/ Anica Letica
/s/ Michael F. Gadola
/s/ Thomas C. Cameron